HOPSON *v.* OXFORD.

Opinion delivered March 5, 1904.

EJECTMENT BY HEIRS PENDING ADMINISTRATION.—During the pendency of an administration, and while the debts are unpaid, the heirs cannot recover land of the estate from one holding as tenant of the administrator.

Appeal from Little River Circuit Court.

WILL P. FEAZEL, Judge.

Reversed.

STATEMENT BY THE COURT.

This suit was an action in ejectment instituted by the appellees against Walter S. Hopson in his lifetime for the recovery of the fractional section 18, township 13 south, range 32 west, and the rents, issues and profits thereof for the year 1900, which lands they alleged they owned. The complaint further states that the defendant unlawfully entered upon, used and occupied and cultivated the same during the year 1904, to the damage of the plaintiff in the sum of $500. This complaint was filed on the 2d day of October, 1900.

The answer denies that plaintiffs were the owners and entitled to the possession of said lands, or of the rents and profits thereof for the year 1900; denies that defendant unlawfully entered upon, used and occupied the same during the year; and the answer further sets forth that on the 17th day of January, 1900, the defendant leased said lands from one W. W. Carloss,

as the agent of Mrs. A. Alexander, who was the owner of said lands, for a term of five years, at and for the price and sum of $175 per year, the lease or contract therefor being made Exhibit A to the answer. The answer further sets forth that Mrs. A. Alexander died intestate on the 24th day of May, 1900, in the county of Lafayette, in the state of Arkansas, and that on the 29th day of September, 1900, letters of administration were granted to W. W. Carloss on the estate of said deceased by the clerk of said Lafayette county; certified copy of the letters are made Exhibit B. It is further alleged that said Carloss holds said estate, by virtue of said letters of administration, for the payment of debts, there having been probated debts against the estate which are still unpaid. The answer further states that on the 17th day of January, 1900, the defendant executed and delivered to W. W. Carloss, as the agent of Mrs. A. Alexander, the owner of the land in controversy, his five several promissory notes for the rental of said land, as set out in Exhibit A, the first of which said notes was due and payable on the 15th day of November, 1900, for the sum of $175, the same being for the rent of said lands for the year 1900; further, that on the 5th day of November, 1900, the defendant paid said note to said Carloss as administrator of the estate of said deceased. Said note with the indorsements thereon is made Exhibit C.

The court, after the evidence had all been introduced, at plaintiffs' request gave the following instruction:

"Under the proof in this case, the court instructs you to return a verdict for the plaintiff for the possession of the lands and for such a sum of money as damages as you may find from the evidence to compensate them for a fair, reasonable rental value of said lands for the time the defendant has held it, as may be shown from the evidence, less the value of his permanent improvements;" to which the defendant objected, and, the objection being overruled, the defendant excepted.

The jury found for the plaintiff for the recovery of the lands, and for $55. The defendant filed a motion for a new trial, which was overruled, and he excepted, and appealed to this court.

*Scott & Head,* for appellant.

An executor or administrator is entitled to the real property of an estate for the purpose of paying the debts. 34 Ark. 391. Payment by a party to the heirs of an estate will not discharge the liability to the administrator. 33 Ark. 141. A defendant in ejectment may plead and prove a paramount title in a third party. 52 Ark. 290.

*Kirby & Carter,* for appellees.

Before an agent can bind his principal touching real estate, his authority must be in writing, as the law directs. Sand. & H. Dig. § § 718, 3469; Tied. Real Prop. § § 178, 805; 1 Wash, Real Prop. 448, 449, 277, 280; 15 Ark. 466; 20 Ark. 512. A party dealing with an agent must ascertain the extent of his authority. 62 Ark. 33.

HUGHES, J. (after stating the facts). This is a suit by minor heirs to recover lands, and the rents and profits of the same, which were at the time in the possession of the appellant as lessee under one W. W. Carloss, who, acting for the owner thereof, one Mrs. A. Alexander, in her lifetime had leased the land for five years to the appellant, Arlyn Hopson, for $175 per annum, and certain specified improvements to be made by said Hopson. Said lease was made on the 19th of January, 1900. Mrs. Alexander died on the 24th of May, 1900, and on the 29th of September, 1900, letters of administration were issued to W. W. Carloss on her estate, and thereafter Carloss held said estate by virtue of said letters for the payment of the debts thereof, there having been probated debts against said estate which were still unpaid at the date of the institution of this suit.

The contention of plaintiff is that the evidence in the case shows that Carloss leased the land to Hopson without authority, that the renting was not approved and ratified by Mrs. Alexander in her lifetime, that Hopson did not hold the land under the administrator, and that the heirs are not entitled to recover. The evidence in the case is that Carloss, when he administered, filed an inventory of the estate of Mrs. Alexander, in which he returned the notes executed by Hopson for the rent of the land for the five years as assets of said estate. It also appears in evidence that Hopson, on the 5th of November, 1900,

had paid the first note for $175. So it appears that Carloss, as administrator, recognized the previous renting of the land to Hopson, the appellant, and had collected the rent for 1900, and that he treated the rent as part of the assets of Mrs. Alexander's estate. Upon the death of Mrs. Alexander the legal title to her lands descended upon and vested in her heirs at law, subject alone to the payment of her debts. The right of the administrator to the possession and control of her lands continues until the debts are paid and the administration closed, and to enforce this right he may maintain and defend ejectment. *Culberhouse* v. *Shirey*, 42 Ark. 25. Real estate is, by statute, assets in the hands of an administrator for the payment of debts, and he is entitled to possession for that purpose. *Sisk* v. *Almon,* 34 Ark. 391. The defendant, the appellant, was in possession by the consent of the administrator, and was paying rent, which was treated by the administrator as assets for the payment of debts of the estate, and the administration had not been closed nor the debts been paid.

The judgment in this case was clearly erroneous, and the same is reversed, and remanded for a new trial.