# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

DOKE, ADMINISTRATOR, *v.* BENTON COUNTY LUMBER COMPANY.

## Opinion delivered July 6, 1914.

1. MECHANICS LIENS—HOW CREATED—NATURE—ENFORCEMENT.—Liens of mechanics and material men for work done or material furnished in the construction of an improvement are creatures of the statute creating them, and must be perfected and enforced according to its provisions.

2. MECHANICS' LIENS—NOTICE.—Ten days' notice before filing the lien must be given by any one seeking the benefit of the act establishing mechanics' liens.

3. MECHANICS' LIENS—LANDS IN HANDS OF ADMINISTRATOR.—The administrator of an estate is not the owner or proprietor of the lands of the estate, nor the agent of the heirs within the meaning of the statute relating to mechanics' liens.

4. ADMINISTRATION—RIGHT OF ADMINISTRATOR TO LANDS—FOR WHAT PURPOSE.—Lands and tenements are only assets in the hands of an administrator for the payment of the debts of the intestate, where the personal property of the estate is insufficient to pay the debts.

5. ADMINISTRATION—COMPLETION OF BUILDING CONTRACT—JURISDICTION OF PROBATE COURT.—Where deceased died leaving a building partially completed, the administrator is without authority to contract for the completion of the same, and the probate court is without jurisdiction to authorize the administrator to complete the building, and purchase materials therefor, upon which the material men could claim a lien upon the improvement.

6. MECHANICS' LIENS—MATERIALS FURNISHED ADMINISTRATOR.—There can be no material man's and laborer's liens upon an improvement, for material furnished and work done upon a contract with an administrator, made after the death of the intestate.

7. ADMINISTRATION—RIGHTS OF HEIRS—COMPLETION OF AN IMPROVEMENT—MECHANICS' LIENS.—The heirs have the right to the real property of an estate unless and until it is necessary to apply it to the payment of debts of the intestate, and it is not within the province

of the administrator to construct or complete buildings at the expense of the real estate, for which mechanics' liens can be fixed and enforced against it.

Appeal from Benton Chancery Court; *T. Hadden Humphreys,* Chancellor; reversed.

STATEMENT BY THE COURT.

This proceeding was begun to enforce liens for materials furnished for the building of a hotel on lots 123 and 124 in the city of Bentonville. Each of the appellees, the Benton County Lumber Company, the Builders' Supply Company and C. O. Mitchell, filed complaints on May 31, 1911, in the chancery court of Benton County, and upon hearing, the cases were consolidated.

R. D. Massey began the construction of a hotel in the city of Bentonville, and died November 7, 1909, before the building was completed. At the time of his death the building was enclosed, the walls finished, the roof on, rough floors laid, partition walls set and lathed, some plastering done, some of the tile floor was laid, and the work was progressing in different places. The heating plant and also the plumbing was virtually complete, and window frames were in and some of the sash.

W. J. Doke was appointed administrator of deceased's estate, and upon application for authority to do so, the court ordered "that W. J. Doke, administrator of the estate of R. D. Massey, deceased, be and he is hereby authorized and directed to carry out the construction contracts made by said deceased, for the benefit of said estate and to complete said building and to use and expend the funds in his hands for the purpose and in case the money in his hands is not sufficient to pay for said work, he is authorized and directed to borrow sufficient funds to complete the same and to pledge the assets of said estate for the payments thereof."

The Benton County Lumber Company alleged that it delivered and sold to the administrator between the 1st day of December, 1909, and the 4th day of May,

1910, certain lumber and building material to be used in the construction of a hotel building, for which a balance was claimed due on account of $1,227.25. The lien claim filed in the circuit clerk's office showed a like balance due for the materials furnished and the affidavit thereto stated that all the building material sold to Massey in his lifetime had been paid for up to December 1, and that the administrator was carrying out the contract of R. D. Massey to finish the hotel. Notice of the filing of the lien was given to W. J. Doke, administrator of the estate of R. D. Massey, and served upon him on the 26th day of May, 1910. On June 10, 1911, an amended complaint was filed making the heirs of Massey parties defendant, in which it was alleged that the plaintiff had sold certain materials to Massey during his lifetime to be used in the construction of a hotel, "and that after his death it sold and delivered to Doke, administrator of the estate of Massey, building material to complete the hotel, which material was sold between the 1st of December, 1909, and the 4th of May, 1910, being the same material as shown in the exhibit in the original complaint." It further alleged the death of Massey and appointment of Doke as administrator, and that the personal property of the deceased "is not sufficient to pay the debts of the estate, and the real estate was needed to pay such debts." Upon the filing of this complaint, a warning order was issued on June 10, 1911, against the heirs, made parties.

On July 15, 1911, the complaint was again amended to show that two of the heirs were insane persons without guardians or curators and others were minors without guardians.

Certain of the heirs appeared specially on August 28, 1911, and moved to abate and dismiss the action against them, and on that day service was quashed as to these heirs, and on November 27, 1911, moved to strike out the amended complaint, claiming it set up a new cause of action. The allegation of the amended com-

plaint that the administrator took charge of the real estate for the purpose of paying debts and that there was not sufficient personal property to pay the debts, was made December 2, 1911.

On January 13, 1913, the Massey heirs answered, admitting that defendants filed the lien set up in their complaint, but denied that it was properly verified, alleging that the affidavit was insufficient, and not in compliance with the statute, and that same was not filed within the time prescribed by the statute, and that suit was not commenced thereon against them until after the expiration of the fifteen months limited by law. Denied that the personal property was not sufficient to pay the debts and that the real property was needed for that purpose, and other allegations of the complaint.

The suit of the Builders' Supply Company was filed on the same day as that of the Benton County Lumber Company, with like allegations in its complaint; the materials being sold and delivered to the administrator between February 8, 1910, and May 6, 1910, and copy of the lien claim filed in the clerk's office was attached and also itemized account for $279.60. The same notice of lien as in the other case was served on the administrator, and the complaint was amended as in the other case, and the warning order issued for the defendants. The same proceedings were had as to the appointment of guardians, and motions to strike.

The suit of C. O. Mitchell was commenced on the same day as the other cases, and claims lien for work done and materials furnished for a balance due of $839.80. The lien claim filed in the clerk's office, made an exhibit to complaint, sets up that between November 1, 1909, and the 15th of June, 1910, at the instance of R. D. Massey, he performed labor and sold material for the construction of the hotel, as set out, itemizing it. He alleged the death of Massey and appointment of Doke as administrator, that he had carried out the contract with the deceased, and that he had given him ten days' notice

of his intention to file a lien. Subsequent proceedings were like those in the other two cases. The cases were consolidated upon hearing.

It appears from the testimony that R. D. Massey had begun the construction of a hotel during his lifetime, which was complete to the third story; that his brother, Frank, after his death, was in Bentonville, and they concluded it best to complete the hotel. The Benton County Lumber Company sold and delivered to the administrator the lumber for which it claims a lien for the amount set out in its account and complaint, charging it upon its books "The Massey Building, by W. J. Doke, Administrator."

No material was ordered by the administrator, but the dealings were had with Pace, who was superintendent of the construction of the building during Massey's lifetime, upon a basis of daily wages, and was continued by the administrator after Massey's death, upon the same terms.

A contract for the tile floors with C. O. Mitchell was in writing, and made July 5, 1909, during Massey's lifetime. Mitchell stated that he furnished the material and did the work according to the contract. Part of it was done before Massey's death and the remainder afterward. His account for the balance of $1,360.15 was presented and allowed February 18, 1910, by the administrator, and was presented, examined and approved by the probate court and classified as a fourth-class claim the 21st day of February, 1910.

The Builders' Supply Company sold Pace materials amounting to $286,45. There was no contract except as to some of the items, the others being ordered as they were desired and charged as furnished.

The administrator testified that he had known Massey for fifteen years during his lifetime, and had talked with him about the building of the hotel before it was commenced. He said he would build a hotel if the citizens would procure the lot, and did not expect any big

return for his money. That some of his relatives, his brothers and sisters, had written him admonishing him against it, but he said it was his money and nobody's business as to whether he invested in property that did not bring high interest. That Frank Massey, about the 17th of November, told him that he had been appointed administrator of R. D. Massey's estate in Missouri, and asked him to undertake the administration of the estate in Arkansas, which he agreed to do. Massey then suggested what lawyers he should have to advise him. Said further that it was the wish of the heirs that his brother's ideas be carried out as to the completion of the hotel. That after his appointment as administrator he proceeded to complete the building of the hotel and employed Mr. Pace, who superintended the work before Massey's death, to look after it. That Pace practically retained the same force he had, and he instructed him to go ahead as he had been doing.

The court decreed liens against the property for the amounts claimed, except in Mitchell's case, rendering judgment only for $40.60 therein, and from its decree the administrator and heirs appeal.

*Ira D. Oglesby,* for appellant.

Real estate is never assets in the hands of an administrator, and he has no authority to control it; neither has the probate court any authority to encumber it or permit its sale, except to pay debts when it is shown that the personal property is insufficient.

It is clear from the authorities that the administrator had no right to complete the hotel, and the probate court could confer no such right. No lien based upon claims for materials so furnished could be enforced. 52 Ark. 320; 74 Ark. 81; 83 Ark. 554; 102 Ark. 539; 27 Ark. 238; 73 S. W. 151; 81 S. W. 904; 128 Cal. 362; 56 Ark. 202; 43 Ala. 252; 39 Pac. 694; 30 Atl. 458; 4 N. H. 208; 2 Pac. 205; 144 Mo. 258; 36 N. J. Eq. 288; 62 Me. 305; 73 Cal. 335; 134 Cal. 220; Woerner on Administration, § 518.

No brief filed for appellees.

KIRBY, J., (after stating the facts). (1-2) The original complaints of the Benton County Lumber Company, the Builders' Supply Company and C. O. Mitchell, were filed May 31, 1911, and the affidavits filed in the clerk's office claiming liens stated that the materials furnished were sold to the administrator after the death of the intestate. Notice of claim of lien by the Benton County Lumber Company was given to the administrator on the 26th day of May, 1910, and the account and lien claim were filed with the circuit clerk on the 8th of June, 1910. Notice of claim of lien of the Builders' Supply Company was given the administrator on the 6th day of May, 1910, and their account for the amount claimed due was filed with the circuit clerk of Benton County on the 27th of May, 1910. The notice was given the administrator in the C. O. Mitchell case on the same day, and the lien claim filed with the clerk of the circuit court on the same day as in the Benton County Lumber Company case.

(3)   Liens of mechanics and material men for work done or materials furnished in the construction of an improvement are creatures of the statute, and must be perfected and enforced according to its provisions. The work must be done or the materials furnished "under or by virtue of a contract with the owner or proprietor of the building or improvement or his agent, trustee, contractor or subcontractor," and every person except the original contractor, who would avail himself of the benefit of the mechanics' lien act, is required to give ten days' notice before the filing of the lien "to the owner, owners or agent, or either of them, that he holds a claim against such building or improvement, setting forth the amount and from whom the same is due." A just and true account of the amount claimed, containing a description of the property to be charged with the lien, is required to be filed with the clerk of the circuit court of the county in which the improvement is situated within ninety days after the work has been done or the materials furnished, and all actions to enforce the liens must be commenced

within fifteen months after the date of their filing with the circuit clerk.  Kirby's Digest, § § 4970, 4976, 4981-84.

(4-5)  The administrator of an estate is not the owner or proprietor of the lands of the estate, nor the agent of the heirs within the meaning of the statute relating to mechanics' liens.  Lands and tenements are only assets in the hands of an administrator for the payment of the debts of the intestate when the personal property of the estate is insufficient to pay the debts.  The complaints and the lien claims filed with the circuit clerk in two of the cases show that the materials for the completion of the improvement were furnished to the administrator after the death of the intestate, and upon contracts made with the administrator and not upon contracts with the intestate.

(6)  The evidence is also virtually undisputed that the personal property of the estate was sufficient to pay the debts thereof at the time of the administrator's appointment, and the order of the probate court was made attempting to authorize him to complete the building. Under these conditions, notice to the administrator and the lien claim filed, showing the contract with him for the materials furnished, could not fix a lien against the improvement, and the administrator was without authority to contract and the probate court had no such power to authorize him to complete the building or improvement and purchase materials therefor, for which the furnishers could claim liens upon the improvement.  Kirby's Digest, § 186; *Langston* v. *Canterbury,* 73 S. W. 151; Woerner on Administration, § 518; *Waldermeyer* v. *Loebig,* 81 S. W. 904; *Brackett* v. *Tillotson,* 4 N. H. 208.

(7)  There was an attempt by amended complaint to allege a contract made with the deceased during his lifetime, but the claims for liens filed show that the materials were furnished to his administrator upon a contract with him after the intestate's death, and after the order of the probate court had been made attempting to authorize him to complete the building.  The heirs have the right to the real property of an estate unless and until

it is necessary to apply it to the payment of the debts of the intestate, and it is not within the province of the administrator to construct or complete buildings at the expense of the real estate, for which mechanics' liens can be fixed and enforced against it.

Neither is C. O. Mitchell entitled to a lien against the improvement. The court below found that he did not file his claim and account for a lien with the circuit clerk within ninety days after the work was done and the materials furnished under his contract therefor made with the intestate, and dismissed his complaint without prejudice as to the amount due thereon, and this judgment was not appealed from. It also found that he had contracted with the administrator for and delivered materials to him which were used in the construction of the building, amounting to $40.60, for which it adjudged him a lien against the improvement. These materials were furnished upon the contract made with the administra- tor, and a lien was attempted to be fixed against the improvement by filing a claim therefor with the circuit clerk after giving the ten days' notice of his intention to do so. It falls within the rule already announced and the court erred in its decree.

None of the claimants were entitled to mechanics' or materialmen's liens against the improvement, and the court erred in not so holding. The decree is reversed and the cause remanded, with directions to dismiss the complaints for want of equity.