STUCKEY *v.* STEPHENS.

[115

---

STUCKEY *v.* STEPHENS.

Opinion delivered December 7, 1914.

1. APPEALS—EQUITY ACTION—EXHIBITS.—On appeal from an order sustaining a demurrer to a bill in equity, the Supreme Court will look to the exhibits to ascertain the nature of the cause of action before it.

2. ADMINISTRATION—ADVANCEMENTS BY ADMINISTRATOR—REPAYMENT—EXPENSES OF THE ESTATE.—An administrator can not recover from an estate advancements made by him, such as the cost of building a house or cash advancements to deceased's children, the same being neither debts of the estate nor such expenses of administration as authorize the probate, or any other court, to order a sale of the lands of the estate to pay.

3.  ADMINISTRATION—EXPENSES OF ADMINISTRATION.—Building a house for the widow and heirs, and advances of money to the widow and children, are not expenses of administration.

4.  ADMINISTRATION—EXPENSES AND ADVANCEMENTS.—An administrator may not expend the money of an estate for any purpose except to pay the debts of the decedent or expenses incurred in the course of administering the estate to pay the debts personally due by the decedent.

5.  ADMINISTRATION—EDUCATION OF CHILDREN—IMPROVEMENT OF LANDS.—An administrator has nothing to do with the education of the children nor the support of the widow, nor with the permanent improvement of the lands of the estate, further than is necessary to make these lands a source of income for the payment of the debts of the deceased.

6.  ADMINISTRATION—LANDS—CONTROL OF ADMINISTRATOR.—An administrator has no control of the lands of an estate, except for the payment of debts.

Appeal from Jackson Chancery Court; *George T. Humphries,* Chancellor; affirmed.

STATEMENT BY THE COURT.

Appellant brought suit against the widow and children of one J. W. Stephens, and alleged in his complaint that the said Stephens died testate on or about the 11th day of July, 1906. Mr. Stephens named his wife as the executrix of his will, but she had been adjudged insane, and on the 14th of July, 1906, appellant was appointed administrator with the will annexed, and proceeded to administer on this estate. Attached to his complaint, and made an exhibit thereto, was an itemized statement of all sums of money which had come to his hands as administrator, amounting to $10,718.69, and there was also attached an itemized statement of all sums which he had expended in the course of his administration, amounting to $12,751.61. The complaint alleged that appellant had filed a full and final settlement of his administration with the probate court of that county on the 6th of October, 1908, and that this settlement had been duly approved, and he was discharged as administrator and the sureties on his bond exonerated, and he was given judgment by the probate court against the estate in the sum of $2,032.92. He alleged that in the course of his adminis-

tration the entire personal estate had been exhausted and there were no personal assets out of which his demand could be satisfied, but he alleged the fact to be that Stephens owned quite a large body of land at the time of his death, and he prayed that his judgment be declared a lien against said lands and the same ordered sold in satisfaction thereof.

It appears from the exhibit to the complaint that debts amounting to only $618.58 were ever probated against the estate, and Stephens had twice that amount or money on deposit in bank at the time of his death. Certain orders of the probate court are also attached to the complaint as exhibts thereto, from which it appears that shortly after his appointment appellant applied to the probate court for an order directing him to finish cultivating and to gather the growing crop, and a considerable sum of money was thus expended under the direction of the probate court. Appellant also received directions from the court to lease the lands of the estate, and this was done and in his settlement he charged himself with the rents which he received. One of the orders of the probate court, attached to the complaint, shows that the administrator received directions from the court to make certain repairs to the family dwelling-house on the place, and also to make certain improvements in the way of fencing. The administrator took credit for a single item, covered by a voucher numbered 399, as follows: "To C. S. Maynard, balance in full payment for dwelling $3,250.00." And other large sums of money were spent in repairs on the place, for which credit was taken. In addition, it appears that the administrator made large advances to the children, that, indeed, he was very indulgent to them. And it also appears that he made large advances to the widow, or for her benefit, and these advances are largely in excess of the balance shown to be due the administrator. In his settlement the administrator made no charge of commissions against the estate.

A demurrer was filed to this complaint and this appeal has been prosecuted from the order of the court sustaining it.

*Phillips, Hillhouse & Boyce, J. W. & J. M. Stayton* and *Morris M. & Louis M. Cohn,* for appellant.

1. The settlement of an administrator, when confirmed, is conclusive and the probate court has no further jurisdiction. 92 Ark. 230; 102 *Id.* 309. Until the order closing the administration is set aside the probate court had no jurisdiction to order a sale of the lands. But chancery *has* that jurisdiction. 97 Ark. 189; cases *infra.* It can enforce a lien against the heirs etc. to pay a debt of the estate remaining unpaid. 13 Ark. 433; 48 *Id.* 277; 56 *Id.* 470.

2. The amounts expended by the administrator can be recovered in chancery as against the lands. 51 Ark. 415; 33 *Id.* 727; 48 *Id.* 386-392; 97 *Id.* 189; 14 *Id.* 309. Especially when supported by a judgment of the probate court. 31 *Id.* 229; 40 *Id.* 433. It is a lien superior to the rights of the heirs or legatees, though not as against *bona fide* purchasers. 56 Ark. 470; Gantt's Dig., § 153; 92 Ark. 230; 102 Ark. 309; 40 *Id.* 393; 26 Mo. App. 611; 17 N. C. 69; 22 Am. Dec. 729; 2 Dev. Eq. 262; 166 U. S. 533, 544-5; 22 S. W. 321; 27 N. J. Eq. (12 C. E. Green) 230; 59 Pa. St. 390; 5 Gill & J. 4; 7 J. J. Marsh 502; 2 Leigh (Va.) 70; 5 Haywood (Tenn.) 42; 7 Harris & J. (Md.) 134; 1 Bland, Chy., 530; 3 Johns, Chy., 312-318; 5 W. Va. 96.

*Jones & Campbell,* for appellees.

1. The demurrer was properly sustained. The judgment of the probate court was *valid.* 74 Ark. 81, 87; 32 *Id.* 97; 33 *Id.* 490; 47 Ark. 460.

2. Lands can only be sold to pay *debts,* not expenses of administration. 52 Ark. 320; 96 Ark. 222-227.

3. Here, there were no debts of the testate. 74 Ark. 81; 92 *Id.* 611. The probate court allowed a claim for a large amount, neither a debt nor expenses of administration. 83 Ark. 554.

4. Chancery has no power to create a lien. 16 Cyc. 89; 58 Fed. 23; 63 *Id.* 204. No debts, no liens, no sale. 52 Ark. 320; *supra.*

5. The action of a probate court beyond its jurisdiction is void. 74 Ark. 86-7. Under a *void* judgment no

rights are obtained; no equities flow.    Freeman on Judgments.

6. Complaint states no cause of action. 17 Ark. 567. An administrator can not make a contract for a dead man. 17 Ark. 567; 10 *Id.* 254; 96 *Id.* 222; 80 Ark. 103; 29 *Id.* 500.

7. Gathering crops, incomplete, is beyond the authority of an administrator. 34 Ark. 204; 25 *Id.* 241; 30 *Id.* 312; 39 *Id.* 256; 46 *Id.* 260.

8. An administrator can only pay the valid, *probated* debts *due personally by deceased.* After the personalty is exhausted in payment of *valid* debts, application can be made to the probate court for a sale of the lands to pay debts. 52 Ark. 320; 74 *Id.* 81; 92 *Id.* 611. The order to farm and build houses was also void. 36 Ark. 396; 35 *Id.* 180; 34 *Id.* 204.

SMITH, J., (after stating the facts). (1-2-3) We think the demurrer in this case was properly sustained. This being a suit in equity we may look to the exhibits to ascertain the nature of the cause of action and, having done so, it appears, as is shown in the statement of facts above, that a very valuable estate, consisting of more than $10,000 in personal property, has been administered and, while the good faith of the administrator is not called in question, it appears that, as a result of the administration, he has paid only $618.58 of probated demands; in other words, Stephens only owed that amount of money at the time of his death, so far as the same is evidenced by probated demands, and the administrator received in cash a sum of money twice as great as all of these demands. It appears that the administrator has built a valuable home, and it also appears that he has advanced to the widow and heirs large sums of money. These expenditures are neither debts of the decedent, nor are they such expenses of administration as authorize the probate court, or any other court, to order a sale of the lands of the estate to pay. The administrator had no authority to build this house. *Doke, Admr.* v. *Benton County Lbr. Co.*, 114 Ark. 1, 169 S. W. 327. Nor were the advances to the widow and children expenses of administration. In the case of *Flowers* v. *Reece,* 92 Ark.

611, this court quoted with approval the syllabus in the case of *Collins* v. *Paepcke-Leicht Lumber Co.,* 74 Ark. 81, as follows:

"1.   Under Kirby's Digest, § 186, providing that 'lands and tenements shall be assets in the hands of every executor or administrator for the payment of debts of the testator or intestate.' If there are no debts due by the decedent, there can be no sale of his real estate to pay expenses of administration thereon, unless it appears that the expenses were incurred in the course of administering the estate to pay debts due personally by the decedent."

"3.   'An order of the probate court for the sale of lands of an estate which shows on its face that it was made to pay expenses of administration, and not debts of the decedent, without showing that the expenses of administration were incurred in the course of administering the estate to pay debts due personally by the decedent, is void, and no rights were acquired under it, although the sale was afterwards confirmed.' "

Those cases cite a number of others to the same effect.

(4-5-6)   It is not the policy of the law to encourage, or to permit, the administrator to expend the money of the estate for any purpose except to pay the debts of the decedent, or expenses incurred in the course of administering the estate to pay the debts personally due by the decedent. The administrator, as such, has nothing to do with the education of the children, nor the support of the widow, nor with the permanent improvement of the lands of the estate, further than is necessary to make these lands a source of income for the payment of the debts. Indeed, under the statute he has no control whatever over the lands except for the payment of debts, and no necessity for any such control existed in the present case.

No question of the right of an administrator who has advanced money for the benefit of the widow or heir, to subrogation, is involved in this case. That is not the relief asked. The case is that of an administrator who has expended money without lawful authority so to do, who asks that a lien be declared upon the lands of the estate

and those lands ordered sold in payment of the money thus expended. Such a proceeding is contrary to the policy of our administration law, and the chancery court was without jurisdiction to grant the relief asked, and the demurrer to the complaint was, therefore, properly sustained, and the decree is affirmed.