HICKS *v.* FLETCHER.

Opinion delivered January 10, 1921.

1. DOWER—TRANSITORY SEIZIN.—Where the seizin of the husband is merely transitory, and where the same act which gives him the estate conveys it out of him, or where he is only a mere conduit for the passage of the title, the wife is not entitled to dower.

2. DOWER—AGREEMENT OF HUSBAND TO RECONVEY.—Where a husband agreed to reconvey a portion of land conveyed to him as soon as he received the conveyance, his seizin as to such portion was transitory, and did not entitle his wife to dower.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed.

1. The execution and delivery by Hicks and wife of the option deed was not a part of the consideration for the execution and delivery of the warranty deed from the Fletcher heirs to Hicks, and Mrs. Hicks' dower right attached under the warranty deed. If Hicks ever owned this land, even for a moment, in his own right, then dower certainly attached to his wife. Title to these lands never passed to Hicks, and his wife was not endowed. *Elliott* v. *Hogue,* referred to in 113 Ark. 591, 73 Ark. 211. For distinction between conditions precedent and subsequent, see 26 Ark. 617; 28 *Id.* 48.

The date of a deed and not the date of its acknowledgment is *prima facie* the date of its delivery. 61 Ark.

104. The recital in the deed of payment of the considera-
tion is *prima facie* evidence that he paid that amount for
the land. 123 Ark. 537.

The producton of a deed by a grantee raises a pre-
sumption of delivery which can be overcome only by clear
and convincing evidence. The statement of the amount
of consideration in the deed and acknowledgment of its
receipt are *prima facie* evidence which may be over-
thrown by parol evidence. 82 Ark. 492; 101 Ark. 603.
The case in 125 Ark. 441 is right in point as to the con-
sideration expressed in the warranty deed from the
Fletcher heirs to Hicks and sustains our contention. On
this line, see 71 Ark. 494; 99 *Id.* 350.

2. Dower has from early times always been highly
esteemed in the law. 9 R. C. L. 563 and notes. To sup-
port a claim for dower it must be shown that during the
marriage the husband was seized of a freehold estate in
the real estate and that the seizin was of beneficial qual-
ity. 9 R. C. L. 574 and notes, 582 and notes.

Dower can not be defeated or impaired by any act
of the husband or any title emanating from him. The
dower right prevails over any conveyance made by the
husband in the execution of which she does not share and
remains unaffected by any lien or other claim based on a
contract made by him or by execution sale on a judg-
ment against him. 9 R. C. L. 584, 590 and notes.

The right of dower becomes immediate when the
husband is seized. Tiedeman on Real Property (en-
larged edition), §§ 123-129; 5 Ark. 508; 60 *Id.* 461; 67 *Id.*
15; 96 *Id.* 540; 87 *Id.* 344; 116 *Id.* 400; 5 Ark. 610-11.

3. The option could not have been given and was
not part of the original consideration, for the reason as
shown that all the lands were owned by a number of
heirs, and none of them were parties to the proposed deal
between appellee and appellant, and the title to all the
lands passed to appellant where it remained until appel-
lee decided to avail herself of the option, and, even if the
option be binding on Hicks, the right of dower vested in
his wife and codefendant, while appellee was considering

the question of his option, and the court below was powerless to divest her of her dower right. Taking into consideration all the circumstances in connection with the purported option deed, the contract between appellee and appellant was void. 124 Ark. 313.

*Frauenthal & Johnson,* for appellee.

From the nature of this case and the agreement between the parties as to this forty-acre tract, Mr. Fletcher had a right to obtain this land free from any dower interest in Roxanna Hicks, the wife. Before any dower interest in land can attach, it is necessary that the husband have seizin. According to the transaction and agreement, the conveyance of this forty to Hicks was made under the understanding and with the purpose of Hicks conveying it to Fletcher, and his agreement to do this was a part of the consideration of the conveyance by the Fletchers to Hicks of this very tract. When the seizin of the husband is merely transitory or he is a mere conduit for the passage of title, the wife has no dower. 19 C. J. 465; 31 Ark. 580.

The simultaneous delivery of a deed for land and the execution of a mortgage to the vendor by the purchaser to secure payment of any portion of the purchase money does not create such seizin as will entitle a wife to dower. 19 C. J. 466. See 29 Ark. 591; 25 *Id.* 52; 52 L. R. A. (N. S.) 555. In a foreclosure suit of a vendor's lien on land for unpaid purchase money it is not necessary to make the wife of the purchaser a party as she has no dower rights or interest. 126 Ark. 313. Seizin in the husband is a prerequisite of dower in the wife. 139 Ark. 469; 71 *Id.* 576; 98 *Id.* 118. Under the facts and the law of this case, the wife of Hicks obtained no dower interest in the land as against the appellee, Fletcher.

WOOD, J. The appellee, J. R. Fletcher, and his brothers and sisters and their descendants were the owners of 520 acres of land in Pulaski County, which appellant, James T. Hicks, desired to purchase. The lands were in the hands of J. A. Gurley as agent of the Fletcher

heirs. He, in connection with the appellee, conducted the negotiations for the vendors. In the tract was a forty acres on which were a spring, swimming pool and target range. Appellee desired to retain his own interest and to obtain the interest of the other owners in this forty. Gurley informed appellant of this fact, and that appellant would have to execute to the appellee a written instrument giving him the right to acquire the forty acres of land which he desired. An agreement was entered into between them to the effect that, when the deed was delivered, appellant was to sell to appellee the forty acres desired by him at $4 per acre, the same price per acre appellant was paying for the entire tract. The deed to the entire tract of 520 acres was duly executed. An instrument called an option deed was prepared which provided that for the consideration of $1 and the undertaking upon the part of the appellee to pay $160, the appellant conveyed to appellee a certain forty acres of land described in the instrument. Gurley took these instruments to the appellant, whereupon the appellant executed the option deed, and Gurley delivered to him the warranty deed to the 520 acres. Gurley informed the appellant that he was not to deliver the warranty deed to the 520 acres until appellant signed the option deed. Appellant definitely understood that he would have to execute to appellee the option deed to the forty acres of land described therein before the deed to the 520 acres could be delivered to him. That was the condition upon which it was delivered to him. The appellant afterward refused to execute a warranty deed to the appellee in compliance with the written contract. The appellee tendered to him $160 and demanded a deed. Thereupon the appellee instituted this suit in the Pulaski Chancery Court against appellant and his wife, Roxana I. Hicks. In his complaint he alleged substantially the facts as above set forth, set up the written contract, and prayed that the appellant be required to specifically perform the same by executing to the appellee a warranty deed to the lands described, and that Roxana I. Hicks be re-

quired to relinquish dower, and that, in the event they failed to do so, all right, title and interest be divested out of them and be invested in the appellee.

The appellant and his wife answered, denying all material allegations of the complaint, and alleging that the option deed executed by appellant was without consideration and void, and that Roxana I. Hicks, his wife, was not a party to the option contract or deed and had no knowledge of the same, and therefore had not relinquished her dower in the lands described. They prayed that the complaint be dismissed for want of equity, and that the option contract or deed to appellant be canceled as a cloud upon their title. Upon the issues thus raised by the pleadings and the facts as above set forth, which are proved by a preponderance of the evidence the court rendered a decree divesting the title to the land out of the appellants and vesting the same in the appellee. From that decree is this appeal.

The effect of the agreement between the appellee and the appellant was that the appellant was to purchase the entire 520 acres of land for the sum of $4 per acre, and that when the deed to this tract was delivered by the vendors the appellant at the same time should sign the written contract or option deed conveying to the appellee the forty acres in controversy which the appellee desired to acquire for himself. These transactions by which the title to the 520 acres was to pass to the appellant, and by which the title to the forty acres was to pass to the appellee, were intended by the parties to the contract to be concurrent or simultaneous. The arrangement was tantamount to constituting the appellant a trustee or conduit through which the title to the forty acres was to pass to the appellee at the same time the title to the 520 acres passed to the appellant. "Where the seizin of the husband is merely transitory, and where the same act which gives him the estate conveys it out to him, or where he is only a mere conduit for the passage of the title, the wife is not entitled to dower." 19 Corpus Juris, 465, and numerous cases cited in note. In

*Cockrill* v. *Armstrong,* 31 Ark. 580-585, we said: "The seizin, to be effective, must be substantial, not a mere transitory seizin for an instant, as where the husband takes a conveyance in fee and at the same time mortgages the land back to the grantor. In such case the husband is not deemed sufficiently, or beneficially seized, by an instantaneous passage of the fee in and out of him, to entitle the wife to dower."

Under the facts of this record as above stated, which a preponderance of the evidence tended to prove, the appellant had no beneficial seizin in the land in controversy, for, according to the terms of the contract, at the same time he received title to the 520 acres including the forty acres in controversy, he was to convey that forty at the price he paid for the same to the appellee. "In order to entitle a wife to dower, there must be a beneficial seizin, not a mere transitory seizin in the husband." *Tate* v. *Jay,* 31 Ark. 576. See *McGuire* v. *Cook,* 98 Ark. 118.

It follows that the decree of the chancery court was correct, and it is therefore affirmed.