## MILLER v. WATKINS.

### Opinion delivered June 15, 1925.

1. EXECUTORS AND ADMINISTRATORS—RECOVERY OF LAND—PARTIES.—
   The administrator of a deceased wife's estate cannot sue to
   establish title to land and to recover possession thereof from
   the administrator of the deceased husband's estate, without mak-
   ing the heirs of the husband and of the wife parties to the suit.

2. EXECUTORS AND ADMINISTRATORS—RIGHT TO RECOVER LAND.—Under
   Crawford & Moses' Dig., § 152, an administrator cannot sue to
   establish title to and recover possession of, land without showing
   that the land was needed to pay debts.

Appeal from White Chancery Court; *John E. Mar-
tineau,* Chancellor; affirmed.

*Tom W. Campbell,* for appellant.

*Brundidge & Neelly,* for appellee.

SMITH, J.  This is a suit by the administrator of
the estate of Mrs. Nellie T. Rogers against the adminis-
trator of the estate of T. B. Rogers.  The intestates, who
were first cousins, were married about thirty years ago.
Mrs. Rogers died in 1913, and her husband died March
1, 1922.  No children were born to them.

T. B. Rogers in 1909 purchased from J. H. Franklin
a lot in the city of Searcy.  The testimony is undisputed
that the consideration recited in the deed was paid by
T. B. Rogers, but the testimony is conflicting as to
whether the deed was made to him, or to his wife, or to
both as tenants by the entirety.

This deed was never placed of record and was lost,
and, upon this representation being made to Franklin,
the grantor, he executed a second deed on March 1, 1921,
this deed being made to T. B. Rogers.

Prior to the execution of this deed, and after the
death of Mrs. Rogers, a dispute had arisen between
Rogers and the heirs of his wife over the title to this
land and certain personal property which the heirs
claimed belonged to Mrs. Rogers.

While suit for this property was threatened during
the lifetime of Rogers, it was not actually commenced
until after his death, and when commenced the adminis-

trator of Rogers' estate was the sole defendant, his heirs not being made parties, and the administrator of Mrs. Rogers' estate was the sole plaintiff, her heirs not being made plaintiffs.

The suit was brought to recover both the land and the personal property, or its value, the same having been sold by the administrator of T. B. Rogers' estate. The complaint alleged plaintiff's appointment as administrator, and that there were debts due two of the sisters of Mrs. Rogers; but this allegation was specifically denied, and no testimony was offered to show that Mrs. Rogers was indebted to any one. A nonsuit was taken by the plaintiff in so far as the recovery of the value of the personal property was concerned, and the cause was tried as one to establish title to the lot and to recover possession thereof. The court found the fact to be that the deed from Franklin had been made to Mrs. Rogers, but that her heirs were barred from recovering the lot by the adverse possession of her husband, and the plaintiff has appealed.

This appeal may be disposed of by saying that the plaintiff shows no authority to sue. The suit was brought as one to establish title and recover possession, and neither the heirs of Mrs. Rogers nor those of her husband were made parties to this litigation.

Moreover, no showing was made that the administrator of Mrs. Rogers' estate required possession of the land to pay debts, even though Mrs. Rogers' title had not been disputed, and the administrator of Mrs. Rogers had no right to sue, for this reason. § 152 C. & M. Dig; *Hopson* v. *Oxford,* 72 Ark. 272; *Doke* v. *Benton County Lbr. Co.,* 114 Ark. 1; *Jones* v. *Jones,* 107 Ark. 402; *Campbell* v. *Smith,* 167 Ark. 633.

Without considering, therefore, the question whether the finding of the court below on the issue of fact as to adverse possession is against the preponderance of the testimony, the decree of the court below will be affirmed on account of the incapacity of the plaintiff to maintain the action. It is so ordered.