PFAFF, ADMINISTRATRIX *v.* HEIZMAN.

4-9329                                    235 S. W. 2d 551

Opinion delivered January 15, 1951.

*John R. Thompson, Bailey & Warren* and *Walls Trimble,* for appellant.

*Leffel Gentry* and *U. A. Gentry,* for appellee.

*H. B. Stubblefield, amicus curiae.*

ED. F. MCFADDIN, Justice. This is a sequel to *Pfaff v. Clements,* 213 Ark. 852, 213 S. W. 2d 356. In that case we upheld a family settlement, wherein all of the adult heirs of Samuel Ernest Pfaff allowed Mrs. Annie Mae Pfaff (widow of Terrence O. Pfaff) to receive their interests in the share of her husband in the estate of his father, Samuel Ernest Pfaff. But the opinion in that case recited that Carl E. Heizman II was a minor at the time of said settlement. He repudiated the settlement

and is now claiming his interest against Annie[1] Mae Pfaff. As the widow of Terrence O. Pfaff she claims dower; and Carl E. Heizman II contends that she is not entitled to dower. Such is the crux of the argument in the present litigation, in which the facts are substantially as follows:

Samuel Ernest Pfaff died intestate on May 1, 1945, and his son, Terrence O. Pfaff, was appointed administrator. The real estate of Samuel Ernest Pfaff was never taken in charge by the administrator and was all the time held by some of the heirs. On April 17, 1946—and before the expiration of the time for filing claims against the estate of Samuel Ernest Pfaff—the said Terrence O. Pfaff died intestate and without issue surviving him. After the death of Terrence O. Pfaff all the debts against the estate of Samuel Ernest Pfaff were paid from the personalty of that estate so that the lands were never taken in possession by the administrator.

Annie Mae Pfaff, widow of Terrence O. Pfaff, claimed dower in her husband's interest in the real estate of Samuel Ernest Pfaff, since the son survived the father. Carl E. Heizman II, in resisting the dower claim, contended that until the estate of Samuel Ernest Pfaff had been *closed*, his real estate did not descend to his heirs to such an extent as to permit the widow of an heir to be entitled to dower therein. In other words, the claim was, that the widow of the heir could have no dower until the estate of the ancestor had been closed, for then only was the heir seised of an indefeasible estate of inheritance. The Chancery Court—evidently relying on the case of *Tate* v. *Jay*, 31 Ark. 576—decreed that Annie Mae Pfaff was not entitled to dower under the facts in this case. This appeal challenges the correctness of that decree.

In *Tate* v. *Jay, supra*, the facts were: Joseph W. Clay, *Sr.* died intestate, the owner of real estate, and survived by three heirs, one of whom was Joseph W.

---

[1] In *Pfaff* v. *Clements*, 213 Ark. 852, 213 S. W. 2d 356, the name was spelled "Anna," whereas here it is "Annie." No explanation is found in the brief as to the variation.

Clay, *Jr.,* whose wife was then Mary Clay. Joseph W. Clay, Sr. owed considerable debts; and his administrator (Fletcher) took charge of all the realty, as well as all the personalty, and continued to hold the realty for settlement of unpaid debts even to the time of the trial in the case. Even though Joseph W. Clay, Jr. resided on some of the said lands, nevertheless he all the time paid rent to Fletcher, as administrator of his father's estate. During the continuance of such situation (and while the administrator still had charge of the lands), J. W. Clay, Jr. died intestate, and his wife, Mary Clay,[2] claimed of his father. The Supreme Court held that Mary Clay had no dower, saying:

"The decision of the whole case turns upon the question of seizin.

"Was the husband, during coverture, seized of an estate of inheritance? Such seizin, during coverture, and the death of the husband, entitle the widow to dower. Was the husband seized of the land? Seizin is either in deed, or in law; seizin in deed, is actual possession; seizin in law, the right to immediate possession. Unless such seizin existed during coverture there can be no dower, because it is an indispensable requisite to her right to dower, so declared by Statute. . . ."

The Court then pointed out: (1) that under § 2210, Gantt's Digest,[3] the widow is entitled to dower in lands "whereof her husband was seized of an estate of inheritance"; (2) that under § 68, Gantt's Digest,[4] lands were assets in the hands of the administrator for the payment of debts of the intestate; and (3) that Joseph W. Clay, Jr. "as such heir . . . held an interest in the land but not a right to immediate possession". The holding in *Tate* v. *Jay, supra,* is, and was, correct under

---

[2] Mary Clay remarried and became Mary Tate.

dower in Joseph W. Clay, Jr.'s interest in the real estate

[3] This is now § 61-201, Ark. Stats. Even though in the present case the dower sought by Mrs. Annie Mae Pfaff is under § 61-206, Ark. Stats., nevertheless, the requirements of seisin are the same as under § 61-201, Ark. Stats. See *Roetzel* v. *Beal,* 196 Ark. 5, 116 S. W. 2d 591.

[4] This is now § 62-411, Ark. Stats.

the facts there existing—*i. e.*, the widow of the heir is not entitled to dower in the lands of the ancestor if and when those lands are needed to pay the debts of the ancestor. Such is really the holding in *Tate* v. *Jay, supra;* and to that extent the holding is correct, although the reason given for the holding was broader than was necessary.

A treatise might be written on sufficiency of seisin[5] to sustain dower,[6] citing our cases from *Tate* v. *Jay, supra,* to *Brack* v. *Coburn,* 210 Ark. 334, 196 S. W. 2d 230; but such is unnecessary to the decision of the present case. This Court has repeatedly held that upon the death of the owner intestate, the title to his real estate instantly vests in his heirs, subject to be divested by sale to pay his debts. We mention some such cases:

(a)—In *Hall* v. *Brewer,* 40 Ark. 433, the Court said: "Our statute makes lands assets in the hands of the executor or administrator for the payment of debts. The title descends to the heir, subject to this burden".

(b)—In *Stewart* v. *Smiley,* 46 Ark. 373, the Court said: "The statute confers the power upon an administrator to control the lands of his intestate for the purpose of paying debts. His authority in that respect is derived solely from the statute, for at common law the administrator had nothing whatever to do with the lands of his intestate". In that case, the administrator did not need the lands to pay the debts; so it was held that he had no right to collect the rents. Even while administration was pending, the heirs took charge of the lands and rented the lands and had a partition. When the administrator *de bonis non* sought to collect rents from the tenant it was held that the administrator had no right to the rents.

(c)—In *Chowning* v. *Stanfield,* 49 Ark. 87, 4 S. W. 276, the Court said: "An administrator is not entitled

[5] In some of the older books, the word is spelled "seizin." Either way seems to be correct; but modern usage is "seisin."

[6] In 4 Arkansas Law Review 246, there is a case note entitled, "Requirement of seisin as basis for award of dower." See also 15 Tulane Law Review 455 containing article, "Seisin in the Common Law."

to the possession of lands unless they are needed to pay the intestate's debts. . . . As a naked legal title bears none of the substantial fruits of real estate, it could be of no benefit to the administrator in paying debts and cannot therefore be regarded as assets in his hands.''

(d)—In *Hopson* v. *Oxford,* 72 Ark. 272, 79 S. W. 1051, it was held that when the administrator had in fact taken possession of land to pay debts, then the heirs could not maintain ejectment against the tenants holding under the administrator. That opinion, in effect, recognized that actual possession had to be taken by the administrator to defeat the heirs, for the opinion recites: ''Upon the death of Mrs. Alexander the legal title to her lands descended upon and vested in her heirs at law, subject alone to the payment of her debts.''

(e)—In *Doke* v. *Benton Co.,* 114 Ark. 1, 169 S. W. 327, 52 L. R. A., N. S. 870, the Court said: ''The administrator of an estate is not the owner or proprietor of the lands of the estate, nor the agent of the heirs within the meaning of the statute relating to mechanics' liens. Lands and tenements are only assets in the hands of an administrator for the payment of debts of an intestate when the personal property of the estate is insufficient to pay the debts.''

(f)—One of our latest cases on this point is *Dean* v. *Brown,* 216 Ark. 761, 227 S. W. 2d 623, in which we said:

''Our statute provides that immediately upon the intestate's death, the title to *real estate* descends to the heirs at law, subject to the widow's dower and the payment of debts. See § 61-101, Ark. Stats. 1947. The two sections (§ 62-411 and § 62-911, Ark. Stats. 1947), concerning lands as assets in the hands of the administrator, have been uniformly construed to mean that the title to the lands passes direct to the heirs on the death of the intestate, subject to the rights of the administrator to have the Probate Court sell the lands if such be necessary to pay the debts of the deceased. See *Hopson* v. *Oxford,* 72 Ark. 272, 79 S. W. 1051; *Jones* v. *Jones,* 107 Ark. 402, 155 S. W. 117; *Doke* v. *Benton County Lbr. Co.,*

114 Ark. 1, 169 S. W. 327, 52 L. R. A., N. S. 870; *Campbell* v. *Smith*, 167 Ark. 633, 268 S. W. 359 and 880; and *Miller* v. *Watkins*, 169 Ark. 60, 272 S. W. 846.''

Thus our cases, in effect, have recognized that upon the death of the ancestor intestate, the heirs become seised, subject to be disseised if the lands are needed to pay the debts of the ancestor. If the heir be seised during his lifetime, then his widow is entitled to dower, but subject to have such dower divested if the burden (of prior debts) be asserted which rested on the land when it descended to the heir.[7]

The effect of our subsequent cases on the statements regarding seisin, as contained in *Tate* v. *Jay, supra*, need not now be considered at further length; because it is sufficient to the holding in the case at bar to point out one essential fact which distinguishes this case from *Tate* v. *Jay;* and that fact is, that in *Tate* v. *Jay* the lands were all the time held by the administrator to pay the debts of the ancestor, whereas in the case at bar the administrator of the ancestor never had possession of the lands and the personal property of such ancestor was all the time sufficient to pay the debts of his estate and did pay such debts. Therefore, since (1) Terrence O. Pfaff survived his father, Samuel Ernest Pfaff, and (2)

[7] Several instances may be mentioned in which an inchoate right of dower in real estate may be divested after the husband's seisin and without release executed by the wife or without her misconduct: as (a) liens created on the land prior to marriage, *Deloney* v. *Dillard*, 183 Ark. 1053, 40 S. W. 2d 772; (b) liens for purchase money, even when lands were acquired after marriage, *Bothe* v. *Gleason*, 126 Ark. 313, 190 S. W. 562; (c) forfeiture and sale of land for taxes if the lands be unredeemed, *McWhirter* v. *Roberts*, 40 Ark. 283; or (d) when the husband's title is barred by limitations under conditions stated in Act 84 of 1935, as found in § 61-226, Ark. Stats.

In Kent's Commentaries, 14th Ed., Vol. 4, Page *50, in discussing divesting of widow's dower on disseisin of the husband, the general rule is stated:

"As a general principle, it may be observed, that the wife's dower is liable to be defeated by every subsisting claim or incumbrance in law or equity, existing before the inception of the title, and which would have defeated the husband's seisin."

Likewise, in Tiffany on Real Property, 3rd Ed., § 508, the rule is stated:

"Since the right to dower is dependent on the husband's estate, if the latter is defeated by reason of an entry or judgment under a title paramount, the dower right is also defeated."

all the debts of Samuel Ernest Pfaff were paid by the personal property of his estate, and (3) the lands were never taken in charge by the administrator: we hold that Annie Mae Pfaff (widow of Terrence O. Pfaff) is entitled to dower in her husband's interest in the lands of Samuel Ernest Pfaff.

The decree of the Chancery is reversed and the cause is remanded, with directions to enter a decree in accordance with this opinion.[8]

---

[8] This case was submitted to this Court on November 20, 1950, and was discussed in consultation and a unanimous conclusion reached. Since such consultation, the terms of office of Justices ROBERT A. LEFLAR and EDWIN E. DUNAWAY have expired and Justices J. PAUL WARD and SAM ROBINSON have become members of the Court. The latter two have not participated in the consideration and decision of this case.