FLOWERS v. REECE.

Opinion delivered November 1, 1909.

1. ADMINISTRATION—SALE OF LAND FOR EXPENSES.—An order of the probate court for the sale of lands of an estate which shows on its face that it was made to pay expenses of administration, and not debts of the decedent, without showing that the expenses of administration were incurred in the course of administering the estate to pay debts due personally by the decedent, is void, and no rights can be acquired under it, although the sale is afterwards confirmed. (Page 614.)

2. SUBROGATION—PAYMENT OF DEBTS BY ADMINISTRATOR.—An administrator who is compelled to refund to the widow of his intestate assets with which he has paid debts of the estate will be subrogated to the creditor's rights, and may resort to any remedy which the creditor may have against the unadministered assets. (Page 615.)

3. JUDGMENTS—PROBATE COURT—CONCLUSIVENESS.—The probate court is a court of superior jurisdiction, and within its jurisdictional limits its judgments import absolute verity. (Page 616.)

4. SAME—PRESUMPTION.—Where the record of a judgment of the probate court is silent with respect to any fact necessary to give the court jurisdiction, it will be presumed on collateral attack that the court acted within its jurisdiction. (Page 616.)

5. SAME—COLLATERAL ATTACK.—Where the purchasers of property at an administrator's sale, on being sued for the purchase money, set up that the judgment of the probate court ordering the sale was void for want of jurisdiction, this constituted a collateral attack on the judgment. (Page 616.)

Appeal from Garland Chancery Court; *Alphonso Curl,* Chancellor; reversed.

STATEMENT BY THE COURT.

This is an action instituted by John H. Reece, administrator of the estate of King B. Flowers, deceased, against Matt Picchi, Vincent Picchi, Dominick Picchi, B. C. Truman and Amanda Truman upon bonds alleged to have been executed by them as the purchase price for real estate purchased by them at administrator's sale.

Josephine Flowers, a minor and the sole heir at law of the said King B. Flowers, deceased, and Linnie Blewett, the mother and guardian of said minor, were also made defendants to the suit.

The defendants answered, and by way of cross complaint set up facts which, briefly stated, are as follows: King B. Flowers died May 6, 1898, and Henry Flowers was appointed administrator of his estate. King B. Flowers left surviving him his widow, Linnie Flowers, now Linnie Blewett, and his daughter, Josephine Flowers, born after his death. Henry Flowers purchased the unassigned dower interest of said widow while he was administrator of said estate. Afterwards he was removed as administrator, and John H. Reece was appointed administrator to succeed him.

King B. Flowers, deceased, had in his lifetime executed a mortgage on a part of his real estate to one J. R. White. After his death the mortgage was foreclosed, and the property was sold for $3,830.07 more than the amount of the mortgage debt and costs of foreclosure, and this sum was paid over to said John H. Reece as administrator.

Henry Flowers instituted suit in the Garland Chancery Court against the widow, then Linnie Simons, Josephine Flowers, the only child, and John H. Reece, the administrator of the estate of King B. Flowers, deceased, to recover and have assigned to him the dower interest of said widow in said estate. The defense was interposed that the conveyance of the said dower interest was procured by fraud. The chancery court granted the prayer of the complaint and made an allotment of dower. The cause was appealed to this court, and the decree in that respect was affirmed. A report of the case will be found in 84 Ark. 557 (*Flowers* v. *Flowers*). In addition to certain

tracts of land allotted to him, the chancery court decreed to said Henry Flowers one-third of the residue of the proceeds of sale under the White mortgage for the life of the widow of said King B. Flowers, deceased.

On February 29, 1908, the probate court of Garland County ordered certain town lots belonging to the estate of King B. Flowers, deceased, to be sold by John H. Reece, administrator of said estate, for the purpose of paying the balance due Henry Flowers for the dower interest in the funds arising from the sale under the White mortgage foreclosure and for the purpose of paying certain costs allowed the said Henry Flowers in the proceedings to allot dower.

At the administrator's sale Matt and Vincent Picchi bid off and became the purchasers of one tract, and asked that the deed be made in the name of Dominick Picchi, and executed a bond for the purchase price, and B. C. Truman bid off and became the purchaser of the other tract, and asked that the deed be made in the name of Amanda Truman, and executed a bond for the purchase price.

The sale was confirmed by the probate court, and deeds ordered to be made and delivered to the purchasers upon payment of the purchase price. The purchasers refused to pay the purchase price on the ground that the probate sale of the lands was void, and offered to restore possession of the lands to the administrator. To the answer and cross complaint the plaintiff interposed a demurrer, which was by the court sustained, and, the defendants refusing to plead further, a decree was entered dismissing the answer and cross complaint for want of equity and rendering judgment in favor of the plaintiff for the amount of the bonds.

The defendants have appealed.

*J. A. Stallcup* and *A. J. Murphy,* for appellant.

An order of the probate court for the sale of lands of an estate which shows on its face that it was made to pay expenses of the administration, and not debts of decedent, without more, is void. 74 Ark. 81; 129 U. S. 86; 58 L. R. A. 641. The lands, if sold at all, must be sold for the purpose of paying debts. 58 L. R. A. 641; 23 O. St. 520; 52 Pa. St. 370; 24 Mo. 16; 2 Barb.

Ch. 161; 49 Ill. 465; 79 Ill. 473; 2 Mass. 150; 4 Mass. 354; 52 Ark. 320; 51 Miss. 206.

*Geo. G. Latta,* for appellee.

The order of sale is presumed to be regular, and is not subject to collateral attack. 70 Ark. 88. A sale of real estate made under an order without notice is not void, and will upon its confirmation divert title from the heirs. 31 Ark. 74. The same is true in case of failure to appraise. 38 Ark. 17. A sale of a deceased person's real estate under an order of court conveys the legal title, although the proceedings were irregular. 13 Ark. 117; 23 Ark. 121.

HART, J., (after stating the facts.) This case is ruled by the case of *Collins* v. *Paepcke-Leicht Lumber Co.,* 74 Ark. 81. In that case it was held (quoting syllabus):

1. "Under Kirby's Digest, § 186, providing that 'lands and tenements shall be assets in the hands of every executor or administrator for the payment of debts of the testator or intestate,' if there are no debts due by the decedent, there can be no sale of his real estate to pay expenses of administration thereon, unless it appears that the expenses were incurred in the course of administering the estate to pay debts due personally by the decedent.

2. "While the probate court is a superior court, its judgments are void if they show on their face that the court was acting beyond its jurisdictional limits.

3. "An order of the probate court for the sale of lands of an estate which shows on its face that it was made to pay expenses of administration, and not debts of the decedent, without showing that the expenses of administration were incurred in the course of administering the estate to pay debts due personally by the decedent, is void, and no rights were acquired under it, although the sale was afterwards confirmed."

In the present case the assignee of the widow of decedent was allotted dower in the proceeds arising from a sale under a foreclosure of a mortgage made by King B. Flowers in his lifetime, which were in the hands of his administrator. Certain costs were also allowed the assignee of the widow in the suit for the allotment of dower. The order of sale affirmatively shows that it was made for the purpose of paying these amounts.

It was not a sale to pay debts or to pay expenses of administration incurred in the course of administering the estate to pay debts due personally by the decedent. Hence it was void, and the purchasers at the sale acquired no rights under it. It follows that there was no consideration for the bonds, and that the court erred in sustaining the demurrer to the answer and cross-complaint.

For this error the decree is reversed, and the cause is remanded with directions to overrule the demurrer, and for such other proceedings not inconsistent with this opinion as the parties in equity are entitled to.

ON REHEARING.

Opinion delivered December 6, 1909.

HART, J.   1.   Counsel for appellee insists that the court erred in holding that the judgment of the probate court ordering a sale of the real estate belonging to the estate of King B. Flowers, deceased, showed affirmatively that the court was acting beyond its jurisdictional limits, and that the judgment was therefore void. A majority of the judges think the contention is well taken. Both the judgment of the probate court and the petition upon which it was procured are set out in the abstract of the record; but they contain a long and almost interminable recitation of matters pertaining to the administration which have no relation to the jurisdiction of the probate court to order a sale of the lands in question. For this reason it will not be set out herein. It is sufficient to state that we have again carefully read and considered both the petition and the judgment of the probate court, and have come to the conclusion that the judgment does not show on its face that it was made for the sole purpose of paying the costs incurred in the administration of the estate. On the contrary, the court is of the opinion that the judgment on the face shows that a part of the surplus from the foreclosure of the White mortgage, which was decreed to the assignee of the widow in the proceedings to allot dower, was used by the administrator in payment of debts probated against the estate of his decedent, and that the order of sale was made for the purpose of reimbursing the administrator for the amounts so paid, and also for the purpose of paying

other debts probated against the estate. In the case of *Crowley* v. *Mellon,* 52 Ark. 1, the court, speaking through Chief Justice COCKRILL, said: "In so far as the administrator has paid a debt of the estate with assets which he is compelled to refund to the widow, he will be subrogated to the rights of the creditor of his intestate, and may resort to any remedy the creditor would have against the assets of the estate that remain unadministered." See also *Wells* v. *Fletcher,* 17 Ark. 581.

Besides, this is a collateral attack on the judgment. "The probate court is a court of superior jurisdiction, and within its jurisdictional limits its judgments import absolute verity, the same as other superior courts." *Collins* v. *Paepcke-Leicht Lumber Co., supra.* The rule is that where the record is silent with respect to any fact necessary to give the court jurisdiction, it will be presumed that the court acted within its jurisdiction. *Clay* v. *Bilby,* 72 Ark. 101. Therefore, a majority of the judges are of the opinion that the judgment of the probate court was valid, and that the motion for a rehearing should be granted. Their opinion becomes the opinion of the court.

I agree with the propositions of law laid down by the court, but cannot agree with the conclusions reached. I believe that the petition for the sale of the real estate and the judgment of the probate court ordering a sale thereof, while they contain useless and to some extent ambiguous recitations of matters concerning the administration, and while they contain some apparent contradictions, may be fairly held to show that the dower in the surplus arising from the foreclosure under the White mortgage was used by the administrator to pay the expenses of administration and not debts of the decedent. In which event the court had no jurisdiction to order a sale of the real estate of the decedent, and such judgment is void.

2. It is contended by counsel for appellant that the land embraced no part of the land attempted to be sold, but they have not sustained their contentions in this behalf. The property was divided into two parts for the purpose of sale, and the description of the two parts is accurate; and, when combined, they make up the whole of the property ordered sold.

The motion for a rehearing is therefore granted, and the decree of the chancellor is affirmed.