## MASSEY *v.* DOKE.

### Opinion delivered February 28, 1916.

1. RES ADJUDICATA—FORMER APPEAL—DIFFERENT PARTIES.—The decision on an appeal, in which the controversy is between the heirs and certain lien claimants against property of deceased, will not be *res adjudicata* in an action between the heirs and the administrator.

2. ADMINISTRATION—LANDS OF DECEASED—DEBTS.—Lands are assets in the hands of an administrator, and are decreed in his possession and subject to his control for the payment of the debts of his intestate.

3. Administration—completion of building—jurisdiction of probate court.—Deceased was engaged in the erection of a building at the time of his death. *Held*, where it was necessary that the building be completed in order to prevent loss to the estate, it is within the power of the administrator to apply to the probate court for authority to complete the building, and the probate court acts within the limits of its constitutional jurisdiction, in rendering a judgment granting the prayer, and directing the administrator to complete the building in order to preserve the same, and to prevent its loss to the estate.

4. Administration—waste—completion of building.—The order of the probate court, authorizing the completion of the building, was one to prevent waste of the property, and to preserve it to the estate for the payment' of the debts of the deceased.

5. Courts—jurisdiction—presumption.—Where the record is silent with respect to any fact necessary to give the court jurisdiction, it will be presumed that the court acted within its jurisdiction.

6. Administration—completion of building—jurisdiction of probate court.—Where the probate court ordered the administrator to complete a building begun by the deceased, in order to prevent waste, the court having constitutional jurisdiction to issue such an order, in the absence of a showing to the contrary, it will be presumed that the administrator made the proper allegations in his petition to give the court jurisdiction.

7. Courts—jurisdiction—how shown.—Where a court acquires jurisdiction by virtue of a special statute, no presumption will be indulged in favor of the court's jurisdiction, but every fact essential to give the court jurisdiction, and to substantially meet the requirements of the statute under which the court is proceeding must appear of record.

8. Administration—completion of building—payments by administrator.—The order of the probate court, directing an administrator to complete a building and to "expend the funds in his hands for that purpose," is tantamount to an order in advance, for him to pay for the labor and materials necessary to complete the building, as expenses of administration; and it is unnecessary to have the claims presented to the probate court to procure an order to the administrator for their payment.

Appeal from Benton Circuit Court; *Jos. S. Maples,* Judge; affirmed.

### STATEMENT BY THE COURT.

R. D. Massey, a gentleman of considerable wealth, residing in the city of Bentonville, entered into a contract with a number of the citizens of that city by which

, he agreed to erect a hotel building upon plans of modern and up-to-date architecture, the general description of which was set out in the agreement; and the citizens agreed that, in consideration of the building of such hotel, they would donate to him the lands upon which the same was to be erected, and for that purpose they subscribed the various amounts set opposite their respective names for the purpose of procuring title to the lots, and which they agreed with Massey to pay when he should complete the hotel according to his proposal as set forth in the agreement.

Massey purchased the lots designated in the agreement and entered upon the performance of his contract to construct the hotel, secured plans and specifications, and employed L. A. Pace by the day to superintend the work of constructing the hotel.

Massey was accidentally killed November 7, 1909, and a few days later he was buried at Springfield, Mo. His brother, Frank R. Massey, of Springfield, was appointed administrator of his estate in Missouri. About the 17th of November, 1909, Frank R. Massey and his attorney came to Bentonville, and at the request of Frank R. Massey appellee Doke was appointed administrator of the estate of R. D. Massey in Arkansas and duly qualified as such administrator. W. A. Dickson, an attorney of Bentonville, was selected by Frank R. Massey as attorney for the heirs of the estate in Arkansas.

The administrator immediately presented to the probate court his application in due form, properly verified, asking for an order of the probate court granting him authority to complete the hotel building begun by his intestate. Upon consideration of the application the court entered an order which reads, in part, as follows: "Now on this day comes W. J. Doke, administrator of the estate of R. D. Massey, deceased, and presents his application in due form, properly verified, asking for order and authority to complete a certain building begun by the intestate in his lifetime.

"The court finds from the evidence adduced that R. D. Massey in his lifetime began the construction of a hotel building in Bentonville, Arkansas, and let contracts to various parties for different portions of the construction, and said contracts when fulfilled by contractors will complete the construction of said building. That the greater portion of the work and construction of said building was completed before the death of said Massey. That the building in the condition it was at the time of the death of intestate was incomplete and could not have been sold in that condition without great loss, and that it is necessary and to the best interest of said estate to carry out and perform the contracts for work and materials entered into by intestate in his lifetime and complete the construction of said building. The court finds that said intestate is solvent, but that there are a number of notes, accounts and evidences of indebtedness payable to said estate that have not matured, and if the work on said building is suspended until said notes mature said building is likely to depreciate greatly in value and that it would be to the best interest of said estate to borrow funds to complete the same, and pledge the assets of said estate for the payment thereof, if there is not sufficient cash on hand to pay the same.

"It is therefore considered, ordered and adjudged by the court that W. J. Doke, administrator of the estate of R. D. Massey, deceased, be, and he is hereby, authorized and directed to carry out the construction contracts, made by said deceased, for the benefit of said estate and to complete said building and to use and expend the funds in his hands for that purpose; and in case the money in his hands is not sufficient to pay for said work, he is authorized and directed to borrow sufficient funds to complete the same and to pledge the assets of said estate for the repayment thereof."

Pace resumed the work of completing the hotel. He employed laborers by the day, paying at the end of each week for their services at so much per day. Such claims for labor, and also claims for material furnished were

presented to the administrator, and were by him allowed, and he, in turn, presented these, and other claims for insurance taken out by him as administrator, to the probate court for classification and allowance, as shown by various orders of the probate court, made at various times, beginning February. 21, 1910, and from time to time as claims were presented until June 19, 1911. These claims were examined and approved, as shown by the orders of the probate court made from time to time as the claims were presented by the administrator, beginning February 21, 1910, and continuing to June 19, 1911. The claims were approved as fourth class claims, and ordered paid in due course of administration.

The administrator filed his first annual settlement with the probate court February 24, 1910. In this settlement the administrator sets forth that after he was appointed, he qualified as such, and filed an inventory and appraisement of the personal property of the estate of R. D. Massey, deceased, and in which he shows that the net amount of the personal property of the estate that came into his hands was $35,750.02 with which he charged himself. And he credits himself with vouchers representing the accounts that he had paid out to various persons on the accounts which he had allowed and which had been approved and ordered paid by the probate court. The aggregate amount of these credits deducted from the amount charged against him left in his hands the sum of $2,884. He reported that he had expended for the estate in cash the sum of $32,862. In that settlement he recites as follows: ''That he has by the orders of this court completed the construction of the hotel building begun by. his intestate in his lifetime, and has leased the same as directed by this court. This administrator shows that all of the assets of said estate have not yet been reduced to cash, and that all of the debts of said estate have not yet been paid.''

The order of the court approving this settlement is, in part, as follows: ''It appearing to the court that said settlement was filed at the January term of this court,

and that notice of the filing thereof has been given and published in the manner and for the full length of time and in all respects as required by law, and that no exceptions have been filed thereto, the same is by the court examined." And, after finding that the administrator had charged himself with the sum of $36,237.02, and that he had paid out on behalf of the estate the sum of $33,-352.07, leaving a balance in the administrator's hands of $2,884.95, the court found that the administrator had fully administered in cash on behalf of the estate the sum of $32,862, and, after allowing him a commission as administrator, the court found that "said settlement is in due form and ought to be approved and confirmed," and entered an order to that effect. This order was entered April 22, 1911.

At the October term of the probate court in 1911, the appellants, the heirs and distributees of Massey, filed their affidavits and prayed for an appeal "from a judgment and order of the probate court approving and confirming the first annual account current of W. J. Doke, administrator of the estate of R. D. Massey, deceased, made and entered herein on the 22d day of April, 1911." The probate court, on October 16, 1911, granted the appeal.

On April 17, 1912, the appellee filed his second annual settlement. In this settlement he reports, "that there are suits pending against the estate of R. D. Massey, deceased, in the chancery court of this county, and some of the debts due said estate are not collected, and some of the debts of the estate are not paid. Said administrator therefore presents this his second annual settlement, and asks the court to extend the time for final settlement until the debts due to and from said estate are collected and paid." He then charges himself with the balance on hand from the last settlement, and with the amounts collected by him, amounting, in the aggregate to $3,799.23, and credits himself with various vouchers for sums which he had paid, amounting in the aggregate to $3,208.73, leaving a balance in his hands of $590.50.

This account was continued for publication until the next term of the court. On July 16, 1912, exceptions were field to every item of the settlement except the first item of $1.80, the amount paid the clerk for filing the settlement.

The appellants alleged in their exceptions that the amounts specified were expended without warrant or authority of law; that the time allowed for the closing of the administration had long since passed; that the debts of the estate of Massey had all been paid, and that they were now entitled to a distribution of the assets in the hands of the administrator. They prayed that the credits which he asked should be disapproved, and that an order be issued directing him to make final settlement. The court overruled the exceptions, and entered an order approving the second annual account, from which order the appellants prayed and were granted an appeal to the circuit court.

In the circuit court appellants, on the 18th of March, 1912, filed exceptions to every voucher for which the appellee claimed credit in his first annual settlement, and alleged generally that the amounts represented by these vouchers "were wrongfully expended by said administrator herein without warrant or authority of law; that same are no just and legal charges against said estate." And they prayed that the order of the probate court approving and confirming this settlement be set aside.

The appeals from the orders and judgments of the probate court approving and confirming the first and second annual settlements of the appellee with that court were consolidated in the circuit court, and that court found from the evidence, (which consisted of records, documents and oral testimony) that "Massey, in person or through his authorized agent, L. A. Pace, contracted with the Benton County Lumber Company, the Builders Supply Company, the Benton County Hardware Company, Mitchell, and others for the material to be used in the construction of a hotel, and in like manner with the Armstrong Furniture Company for the furniture to be

used in said hotel, and that Massey also contracted with Pace for the latter to superintend the construction of the hotel; that at the time of the death of Massey the hotel was not completed; that a portion of the material contracted for had been delivered and the remainder ordered and held ready for delivery when needed; that after the death of Massey, Doke, as administrator of his estate, carried out the plans and contracts of Massey as nearly as practicable by completing and equipping the hotel, paying therefor out of the personal estate of Massey; that it was for the best interest of the estate to complete the hotel; that it was done under the orders of the probate court, with the express consent and direction of Frank Massey, one of the heirs of R. D. Massey, who was the administrator of his estate in Missouri, and who claimed to represent the other heirs of R. D. Massey; that neither Frank Massey nor any of the other heirs made any objection to the completion of the hotel until after the work was all done and the hotel equipped and furnished, and until after said Doke had paid all the items claimed as credits in his two accounts; that all the items required to be probated were presented to and allowed by the probate court and no appeal was taken from any of said allowances, and that all were just claims against the estate of R. D. Massey; that the title to the lots on which the hotel was built could not be obtained without the payment of about $3,500 therefor by the heirs of R. D. Massey, or by completing the hotel, and that the heirs received the value of the lots, or a large part of it, by the completion of the hotel.''

The court, after making these findings, entered a judgment affirming the judgment of the probate court, approving the settlements with that court of W. J. Doke, as administrator of the estate of R. D. Massey, and appellants duly prosecute this appeal. Such other facts as may be necessary will be stated in the opinion.

*Ira D. Oglesby,* for appellants.

1. All the exceptions contended for, except that the claims were not properly verified and probated, relate to labor and material after Massey's death, and these exceptions are sustained by 169 S. W. 327. That is the law of this case and the question is *res adjudicata.* The only difference between that case and this is, that there was an attempt to enforce a mechanic's lien. But the liability of the estate, validity of the acts of the administrator under the order of the probate court and the principles of law governing payments made and credits claimed are all settled. Kirby's Digest, § 186; 73 S. W. (Mo.) 151; Woerner on Administration, 518; 81 S. W. (Mo.) 904; 4 N. H. 208.

2. The orders of the probate court are no protection to the administrator. The payments were not for any indebtedness contracted by deceased in his lifetime, but for labor employed and material purchased after his death. The court had no jurisdiction. 34 S. W. (Mo.) 838; 17 Ark. 567.

3. An administrator has no authority to improve the real estate and complete a hotel. 114 Ark. 1; 27 Ark. 235; 46 *Id.* 373; 56 *Id.* 320; 54 *Id.* 61; 49 *Id.* 91.

4. These claims were never properly verified, nor "allowed" by the administrator, nor by the court. Kirby's Dig., § 114 *et seq.* The unfinished hotel and furniture purchased should have been sold, if necessary to pay debts or prevent waste.

*McGill & Lindsey,* for appellee.

1. This case is not governed by the case 114 Ark. 1; 169 S. W. 327. All that was decided there was that under the evidence the complainants had no lien against the real estate because the materials were not furnished under contract with the owner. Doke was not a party to that suit.

2. Doke as administrator was liable on all the contracts made by R. D. Massey in his life time. He had the right to carry out the contracts, even without the order of the probate court. 68 Am. Dec. 755; 72 *Id.* 600; 78

Am. St. Rep. 200; Ann. Cas. 1912, A 417; 42 Pac. 971; 82 N. E. 194; 34 Ark. 204; 51 *Id.* 415; 56 *Id.* 159; 39 *Id.* 256.

3. All the claims were duly allowed by the probate court and none of the orders of allowance were appealed from. The judgment of the probate court was final and no appeal was taken. 12 Ark. 95; 14 *Id.* 244; 5 *Id.* 705; 35 *Id.* 205; 70 *Id.* 88; 73 *Id.* 440; 90 *Id.* 261; 86 *Id.* 368; 92 *Id.* 611; 102 *Id.* 114; 34 *Id.* 63; 40 *Id.* 393, etc. Final judgments of the probate court can not be collaterally attacked; the only remedy is by appeal. 70 Ark. 88; 92 *Id.* 611; 86 *Id.* 368. The heirs had the right to appeal. 89 Ark. 554; 99 *Id.* 56; Acts 1909, amending section 1348, Kirby's Digest.

4. The administrator properly took credit for all sums lawfully expended. Kirby's Digest, § § 133, 140. In the absence of fraud, judgments of allowance are binding and conclusive upon all parties. 18 Cyc. 534; 58 A. S. R. 604; 35 Ark. 180; 36 *Id.* 383, 396; 108 *Id.* 80.

5. Courts of probate have equity powers to prevent waste, preserve property and even the right of subrogation. If the payments made were not strictly legal, they were made for the benefit of the heirs and with their knowledge and consent and Doke should be subrogated to the rights of the parties receiving payment. 108 Ark. 80; 92 *Id.* 611; 36 *Id.* 405-6; 53 *Id.* 545; 42 Pac. 974; 172 S. W. 347. The heirs accepted all the benefits of the hotel completed and should not be heard to complain.

WOOD, J., (after stating the facts). First. The principal ground of appellants' contention is, that the circuit court erred in affirming the judgment of the probate court, approving the first and second annual settlements of W. J. Doke, the administrator of the estate of R. D. Massey, in which he took credit for amounts paid by him for labor done and materials furnished and used in the construction of the hotel building after Massey's death.

Counsel for appellants urge that these credits can not be allowed the administrator under the decision of this court in *Doke* v. *Benton County Lumber Co. et al.,* 169

S. W. 327, 114 Ark. 1. In that case certain parties brought a suit in equity against Doke, to which the heirs of Massey were afterwards made parties, in which the complainants sought to have liens declared on the hotel building, for materials they had furnished which went into the construction of the building. The claim for liens filed showed that the materials were furnished to the administrator upon contracts made with him after the intestate's death, on an order of the probate court, authorizing and directing him to complete the hotel building which R. D. Massey had begun in his lifetime and which had not been completed at the time of his death.

In holding that that the complainants were not entitled to liens, we said: "The administrator was without authority to contract and the probate court had no such power to authorize him to complete the building or improvement, and purchase materials therefor, for which the furnishers could claim liens upon the improvements;" and further, "the heirs have the right to the real property of an estate unless, and until it is necessary to apply it to the payment of the debts of the intestate; and it is not within the province of the administrator to construct or complete buildings at the expense of the real estate, for which mechanics liens can be fixed and enforced against it."

(1) The real controversy in the above suit was between the heirs of R. D. Massey and certain lien claimants. The administrator, Doke, was not a necessary party to that suit. His rights were not involved and under the issues there framed could not be determined, and hence the language above used must be considered in connection with the real parties in interest and the issues that were to be determined between them.

While the witnesses in that case and much of the testimony was substantially the same, yet, what was said by us in that case has no application to the issues raised in the present suit, for the issues here are entirely different and different principles must control in the decision of the case.

This disposes of the contention of counsel for appellants that the decision of the court in *Doke* v. *Benton County Lumber Co., supra,* "is the law of this case," and that it is *res adjudicata.*

Second. The claims for labor done and for materials furnished in the hotel building accrued under the final order and judgment of the probate court directing the administrator of the estate of Massey to complete the construction of the hotel building which R. D. Massey had begun in his lifetime. The exceptions to those items in the accounts of the administrator in which he claimed credit for the sums paid out for labor and materials necessary for the completion of the building under the order and judgment of the probate court are but a collateral attack upon the order and judgment of the court directing these expenditures. There was no appeal from this order and judgment of the probate court directing the completion of the hotel building and no direct attack upon it in any manner, and at the end of the term at which it was rendered such judgment became final. The question therefore here is, does this record show that the probate court had no jurisdiction to render such judgment?

(2) Lands are assets in the hands of an administrator and are deemed in his possession and subject to his control for the payment of the debts of his intestate. Kirby's Digest, section 79. The probate court has exclusive jurisdiction over the estates of deceased persons and their administrators. Constitution of Arkansas, art. 7, section 34.

(3) If the hotel property belonging to the estate of Massey was in the possession and under the control of the administrator, Doke, for the payment of debts against the estate, he was acting within his power and within the scope of his duty as such in applying to the probate court for an order to complete the building, if this was necessary to prevent a loss of the property and to preserve it to the estate for the payment of the debts thereof. And the probate court was acting within the limits of its constitutional jurisdiction in rendering a judgment granting

the prayer of the administrator and directing him to complete the building in order to preserve the same, and to prevent its loss to the estate.

The judgment of the probate court directing the administrator to complete the building, it will be observed, among other things, recites, "that the greater portion of the work and construction of said building was completed before the death of said Massey; that the building in the condition it was at the time of the death of the intestate, was incomplete, and could not have been sold in that condition without great loss, and that it is necessary and to the best interests of said estate to carry out and perform the contracts for work and materials entered into by intestate in his lifetime and complete the construction of said building, and, further, if the work on said building is suspended until said notes mature, said building is likely to depreciate greatly in value," etc. The recital that the building, "at the time of the death of the intestate was incomplete and could not have been sold in that condition without great loss," indicates that the hotel building was to have been sold, and in order to put it in a condition where it could be sold "without great loss," it was necessary to complete it.

(4-5) This order and judgment of the probate court, as we construe it, was nothing more nor less than one to prevent waste of the hotel property and to preserve it to the estate for the payment of the debts of the intestate. This is the only fair and reasonable inference to be indulged from the language in which the judgment is couched. In rendering such judgment, the court was but pursuing, as above observed, its constitutional authority. It certainly can not be said that the judgment on its face shows that the court was acting beyond its constitutional jurisdiction. "The probate court is a court of superior jurisdiction, and, within its jurisdictional limits, its judgments import absolute verity, the same as other superior courts." *Collins* v. *Paepcke-Leicht Lumber Company*, 74 Ark. 81-86. We, therefore, must apply here the rule "that where the record is silent with respect to any fact neces-

sary to give the court jurisdiction, it will be presumed that the court acted within its jurisdiction." *Clay* .v. *Bilby,* 72 Ark. 101; *Flowers* v. *Reece,* 92 Ark. 611-616.

(6-7.) The judgment recites that W. J. Doke, administrator of the estate of R. D. Massey, deceased, "presents his application in due form, properly verified, for order and authority to complete a certain building begun by the intestate in his lifetime." The application of the administrator is not set forth in the record, and we must presume in favor of the court's jurisdiction, that it set forth that Doke had possession and control of the hotel building, and that it would be necessary to sell the same to pay the debts of the estate, and that in order to prevent its loss, and to preserve it to the estate for the purpose of paying the debts, it was necessary that the same be completed. In other words, we must presume that the petition which formed the basis of the court's order, and the evidence which was adduced in support of the petition, showed every fact that was essential to give the court jurisdiction to render the judgment directing the administrator to complete the hotel building. The rule, of course, is different where the judgment of the probate court is rendered in a proceeding not in accord with its constitutional jurisdiction, or according to the course of the common law, but concerning a subject-matter the jurisdiction of which is conferred upon it by special statute. In such cases no presumptions can be indulged in favor of the court's jurisdiction, but every fact essential to give the court jurisdiction and to substantially meet the requirements of the statute under which the court is proceeding must appear of record. *Beakley* v. *Ford,* 123 Ark. 383; *Reeves* v. *Conger,* 103 Ark. 446-450. See, *Landreth* v. *Henson,* 173 S. W. 427, 116 Ark. 361.

(8) The order of the court directing the administrator to complete the building and "to expend the funds in his hands for that purpose" was tantamount to an order in advance for him to pay for the labor and materials necessary to complete the building, as expenses of administration. Therefore, it was unnecessary to have the

claims presented to the probate court to procure an order to the administrator for their payment. And since claims under contracts made, not with the intestate, but with the administrator, for the completion of the building could not be allowed and classified as claims against the estate, but could only be ordered paid as necessary expenses of administration, the course pursued of having these claims presented to the probate court for allowance and classification as claims against the estate was irregular. *Yarborough* v. *Ward,* 34 Ark. 204; *Turner* v. *Tapscott,* 30 Ark. 312; *Bomford* v. *Grimes, Admr.,* 17 Ark. 567. But this irregular course pursued by the administrator, and the fact that he did more than was necessary, or than he was required to do, did not affect his right to have the amounts he had expended for labor and materials approved and allowed by the court, as necessary expenses of administration, and to have his settlements credited with these amounts. Such was the effect of the judgments of the probate court, and the circuit court in overruling the exceptions to the annual settlements of the administrator, and these judgments were correct.

Third. Counsel for appellants concede that Doke, as the administrator, was liable on all contracts which Massey entered into, and which were undischarged at his death except such as depended upon the personal skill of the deceased, and that Doke was entitled to credit for such amounts as were properly allowed by the probate court, and paid by the administrator on these claims. Appellants contest here only what their counsel designate as "labor accounts, materials accounts," and "miscellaneous accounts." Counsel say that the miscellaneous accounts "are simply for material after the death of Massey," except certain vouchers "which are for insurance taken out by the administrator." What we have said disposes of the "miscellaneous accounts" that are for material furnished after the death of Massey. So far as the credits for insurance are concerned, counsel for appellant only abstracts one voucher, towit, No. 100, which counsel states "is for insurance upon the hotel, which insurance

was taken out prior to the death of Massey.'' Therefore, so far as this record discovers, appellee was entitled to the credit for amount paid for insurance. At least, there is nothing in this record to show that the court erred in allowing appellee credit for the amounts paid for insurance.

There are no reversible errors in the record, and the judgment is therefore affirmed.

Hart and Kirby, JJ., dissenting.