Clifford **HOLLIDAY** and Elsie Holliday Aiken Goff, Plaintiffs,

v.

**PHILLIPS PETROLEUM COMPANY**, Baldwin Oil Company, James H. Blackman, Administrator of the Estate of Harold Lee Blackman, Deceased, James H. Blackman, June Blackman Downen and Joan Blackman Sims, Heirs at Law of Harold Lee Blackman, Deceased, and Velma Irene Blackman, Defendants.

**BALDWIN OIL COMPANY**, Cross-Complainant,

v.

Harold Lee **BLACKMAN**, Velma Irene Blackman, Clifford Holliday and Elsie Holliday Aiken Goff, Cross-Defendants.

Harold Lee **BLACKMAN** and Velma Irene Blackman, Third-Party Plaintiffs,

v.

C. A. **MAGEE** and Juanita Magee, Third-Party Defendants.

No. H 64 C–22.

United States District Court E. D. Arkansas, E. D.

Sept. 27, 1967.

James B. Sharp, Brinkley, Ark., for plaintiffs.

John D. Thweatt, DeValls Bluff, Ark., for Blackmans.

Edward L. Westbrooke, Jonesboro, Ark., for Baldwin Oil Co.

James M. McHaney, Little Rock, Ark., for Phillips Petroleum.

Arthur R. Macom, Stuttgart, Ark., for Magees.

## MEMORANDUM OPINION

OREN HARRIS, Chief Judge.

This diversity action by the plaintiffs, Clifford Holliday and Elsie Holliday Aiken Goff, involves the rights and entitlements to and seeks to remove the cloud from the title to the following described property:

Lots Seven (7) and Eight (8), Block Ninety-Eight (98), City of Brinkley, Monroe County, Arkansas.

There is no question as to jurisdiction and the Court has jurisdiction of the subject matter.

Although other issues are raised by the pleadings, the parties have agreed by stipulation to submit the single issue of the title to the above described property for determination by the Court.

A stipulation of facts is entered into and filed by the parties herein. The stipulation appears to be a full and complete statement of the facts as to the question of the title to the property and is, therefore, adopted as the Court's findings of fact herein.

A brief summary of the facts is appropriate for a determination of the issue of title to the property. Briefly summarized, the facts are as follows:

The property in question was owned by Henry James Lucas. Lucas died July 12, 1921, leaving an instrument which purported to be his last will and testament. Under the provisions of the will the property was devised to his wife, Willie M. Lucas, for her life, with remainder to Clifford Holliday; that should Clifford Holliday die without issue, remainder to Elsie Holliday; and if the two of them to die without issue, remainder to Loweleiam Lucas.

The records of the Probate Court of Monroe County, Arkansas, show that Willie M. Lucas, who was nominated as Executrix in the will, filed with the Probate Clerk the will, together with proof thereon. An endorsement of the Probate Judge approving the admission of the will to probate appears on the back of the will. An application for Letters Testamentary, an appraisement, a claim against the estate, an administrator's bond, and an inventory, each bearing the endorsement of the Probate Judge, are included in the record.

After the death of Henry James Lucas, Willie M. Lucas took charge of and occupied the property. Prior to March 31, 1928, she married John Chambers.

Pursuant to an ordinance passed by the City of Brinkley, the owners of certain properties were required to construct concrete sidewalks. The validity of the ordinance is not questioned.

Willie M. (Lucas) Chambers refused or failed to construct the sidewalks as required by the City to the property involved at her cost, and the City pro-

ceeded to and constructed the sidewalks as required by the ordinance. Willie M. (Lucas) Chambers refused to pay the cost of the construction of the sidewalks and the City of Brinkley instituted an action in the Chancery Court of Monroe County, Arkansas, which resulted in a foreclosure of a lien against the property on February 6, 1928. The property was duly advertised and sold by an order of the Chancery Court on the 31st day of March, 1928, to John Chambers and Willie L. Chambers.

The property was conveyed by warranty deed without reservations on December 4, 1928 and February 6, 1929, respectively, by John Chambers and Willie L. Chambers, and their successors in title are the defendants herein.

Willie M. (Lucas) Chambers having survived her second husband, John Chambers, died on February 9, 1962. This action was instituted on December 24, 1964.

In addition to the pleadings and stipulation of the parties, excellent briefs have been furnished by counsel. There are two primary questions to be determined in arriving at a decision on the issue of title to the involved property:

1. Did the purported will of Henry James Lucas effectively devise a life estate to Willie M. Lucas, his wife, with remainder to Clifford Holliday and Elsie Holliday, plaintiffs herein?

2. Did the purchase of the property by John Chambers and Willie L. (Lucas) Chambers at the Commissioner's Sale nullify the remaindermen's interest?

 The terms of the will are not in question. Defendants contend, however, that the will was not properly admitted to probate and, therefore, could not make effective disposition of the property.

The will contains the following notations on its reverse side:

"Filed in my office this 25th day of July, 1921." Signed Jno W. Hooper, Clerk.

"Examined and the action of the clerk admitting will to probate approved this October 19, 1921." Signed T. T. Bateman, Judge.

The statute of Arkansas (Ark.Stat. 60–209), which was in force at the time of the filing of the will, provides:

"When any will shall be exhibited for probate, the court of probate, or clerk thereof in vacation, in person or by his deputy, may and shall receive the probate thereof in common form, and shall grant a certificate of probate, or, if the will be rejected, shall grant a certificate of rejection; but such action by such clerk or deputy, in vacation, shall be subject to the conformation or rejection of the court."

The Court concludes that the notations on the will evidence substantial compliance with the statute and the notation signed by the Probate Judge Bateman constitutes an order admitting the will to probate.

A formal judgment or decree admitting the will to probate was not necessary; it is sufficient if the fact of judicial approval can be gathered from the record. (95 C.J.S. Wills § 494.)

It is also an established rule of law that an order of the probate court admitting a will to probate is not void in failing to contain an affirmative statement of all the facts necessary to admit the will to probate, as it will be presumed that the court acted within its jurisdiction. (Graham v. Graham, 175 Ark. 530, 1 S.W.2d 16).

It is also well settled that an order admitting a will to probate is not subject to collateral attack; therefore, the terms of the will must control the course of the property. (Graham v. Graham, supra; Davie v. Davie, 154 Ark. 633, 18 S.W. 935.)

It is, therefore, the opinion of the Court the will effectively devised a life estate to Willie M. Lucas with the remainder to Clifford Holliday and Elsie Holliday, plaintiffs herein.

 As to the second question on whether the purchase of the property

by John Chambers and Willie L. (Lucas) Chambers at the Commissioner's Sale nullified the remaindermen's interest, the Supreme Court of Arkansas in a recent case (Herford v. Scales, 240 Ark. 407, 399 S.W.2d 653) summarized the law of tax sale forfeiture and redemptions by a life tenant as follows:

"We have uniformly held that persons under a duty to others in connection with the payment of taxes due and payable, upon realty cannot default in performance of said duty, thus causing a tax forfeiture, and thereafter purchase at tax sale and strengthen their title, if any, thereby. In such situations the purchase assumes the nature of a tax redemption with credit against the taxes due for the payment made at the sale, and the title remains exactly the same as it existed at time of forfeiture. (Citing cases.)

This doctrine with reference to foreclosures and redemptions by life tenant with remainder interest as laid down by the Supreme Court of Arkansas is applicable to this case. The city derived its power for the establishment of the ordinance by the City of Brinkley from the General Assembly as provided by the Constitution of the State of Arkansas,[1] and Ark.Stat. 19–3807.

Pursuant to this statute the city paid the cost of the construction of the sidewalks, which became a lien on the property and which was foreclosed by a suit in equity in the court having jurisdiction of suits for the enforcement of liens upon real property. Willie M. Lucas, having custody of the property as a life tenant, permitted the foreclosure and Commissioner's Sale under orders of the court. She and her then husband, John Chambers, purchased the property at the Commissioner's Sale, purportedly vesting title in themselves. She was under a duty to others in connection with such payments due and payable on the prop-

erty. She should not be permitted to default in the performance of her duty, thus causing a forfeiture and thereafter purchase the property at a court directed Commissioner's Sale and thereby strengthen her title.

Defendants attempt to distinguish the Commissioner's Sale from a tax sale in that the Commissioner's Sale was not based on a tax forfeiture, but rather under state statute. It is claimed that the city's foreclosure proceedings as provided by the statute was derived from its police power rather than its tax power. Various cases are cited supporting this contention. Had the purchasers at the Commissioner's Sale been third party innocent purchasers with no duty to the property this argument may very well have some merit.

The Supreme Court of Arkansas has clearly stated the reasons for the rule that a life tenant cannot defeat the remaindermen in a tax forfeiture case:

"Various reasons have been assigned for the rule, and the one most frequently given is based upon a community of interest in a common title creating such a relation of trust and confidence between the parties that it would be inequitable to permit one of them to do anything to prejudice of the other in reference to the property so situated. * * * The rule is founded on public policy, and is designed not only to protect the interest of the parties represented, but as a guard against temptation on the part of the representatives. For the same reason it is said that a cotenant cannot add to or strengthen his title by purchasing the title to the entire property from a stranger who has purchased the premises at a tax sale, as the law will not allow that to be done indirectly which cannot legally be accomplished directly." (Inman v. Quirey, 128 Ark. 605, 194 S.W. 858.)

1. ARTICLE XII, Arkansas. Constitution. Section 3. "The General Assembly shall provide, by general laws, for the organization of cities (which may be classified) and incorporated towns, * * *."

Section 4. "No municipal corporation shall be authorized to pass any laws contrary to the general laws of the State; * * *."

The Supreme Court of Arkansas has not decided a case in point where the forfeiture resulted under the general police power rather than the tax power. The reasoning behind the rule, however, seems to apply with as much force to the present facts as it applies to a forfeiture for non-payment of taxes. The Court, therefore, concludes that the purchase of the property at the Commissioner's Sale by Willie L. (Lucas) Chambers was ineffective in defeating the remaindermen's interest.

It is further concluded that June Blackman Downen, a defendant herein, having been duly served and having failed to make timely answer is in default.

An order will be entered consistent with this opinion quieting and confirming title to the property in question in plaintiffs, Clifford Holliday and Elsie Holliday Aiken Goff.