## CAMPBELL v. SMITH.

### Opinion delivered February 9, 1925.

1. EXECUTORS AND ADMINISTRATORS—RIGHT OF ADMINISTRATOR TO RECOVER RENTS.—An administrator is not entitled to recover rents on a building owned by his intestate where he neither alleges nor proves that the rents are needed to pay intestate's debts.

2. SET-OFF AND COUNTERCLAIM—EVIDENCE.—In a suit by an administrator to recover rents due to his intestate's estate, where the evidence failed to show that the rents were needed to pay intestate's debts, it was not error under the evidence to submit to the jury the issue whether plaintiff was not collecting the rents for the heirs under an agreement by the heirs that

plaintiff's store account with defendant should be deducted from the rent money.

Appeal from Phillips Circuit Court; *E. D. Robertson,* Judge; affirmed.

*Moore, Walker & Moore,* for appellant

Appellee could not offset any claim he might have against appellant individually against the claim due appellant as administrator. 7 Ark. 520; 24 R. C. L. 871; 110 N. Y. 605.

*W. G. Dinning,* for appellee.

Appellant is not entitled to maintain this suit. An administrator has no right to the possession of lands or rentals therefrom, except in case where they are needed for the purpose of paying debts probated against tht estate. 46 Ark. 373; 49 Ark. 87; 107 Ark. 402; 11 R. C. L., p. 155.

WOOD, J. This is an action by the administrator of the estate of B. H. Boswell, to recover the sum of $630.47 alleged to be due the administrator by H. G. Smith for the rent of a certain store building in Phillips County, Arkansas. The answer denied that the plaintiff was acting as administrator, and denied that the defendant leased from the plaintiff, as administrator, the storeroom in controversy. The defendant admitted that he occupied a certain building from March 1, 1920, to March 1, 1923, which building belonged to Boswell in his lifetime. The defendant denied liability to the plaintiff.

The testimony on behalf of the plaintiff was to the effect that he was the administrator of the Boswell estate; that the defendant was indebted to him as administrator in the sum of $630.47; that the plaintiff, as such administrator, rented to the defendant the storeroom in controversy, and that the defendant knew that, in so doing, he was acting in the capacity of administrator; that the defendant went into possession of the building under written contract for the first year at a monthly rental of $20, and, at the expiration of the first year, defendant continued in possession of the building, without any written agreement, at the same rental until July,

1920, when the rent was increased to $25 per month. The plaintiff allowed the defendant to take credit for a grocery bill at the time he made settlement with him for the rent in 1920. Plaintiff denied that he ever bought any goods or merchandise from the defendant for the estate of Boswell, and denied that he ever authorized the defendant to charge said estate with any merchandise sold to the plaintiff. The wife of the defendant is one of the heirs of Boswell.

The defendant testified that he settled with the plaintiff for the rent of the storeroom in controversy in the fall of 1920 by giving the plaintiff a check for $600, which was indorsed "J. S. Campbell, administrator;" that, at the time of the settlement, with the consent of the plaintiff, the defendant took credit for the amount the plaintiff owed him at the store. The defendant had paid all that he owed the plaintiff except $29. Defendant executed the lease in 1916 for one year at the monthly rental of $20. It was a year or more after the contract was entered into that the defendant agreed to pay $25 per month rent.

The plaintiff presented prayers for instructions to the effect that the defendant could not, under the law, charge the estate of Boswell with any account of money due from the plaintiff personally to the defendant; that, if the defendant rented the premises from the plaintiff as administrator, then the defendant could not claim as a credit on the rent any amount due from the plaintiff to the defendant. The court overruled these prayers, and modified the same by adding thereto the words, "unless plaintiff had previously agreed to the same," and gave the instructions as modified, to which rulings of the court the plaintiff duly excepted. The court also gave the following instruction: "If you find from the evidence that the plaintiff agreed that his store account should be applied towards the payment of the rent, then you are instructed that the plaintiff is entitled to recover the difference between the items of credit and amount of rent according to the contract." The plaintiff duly

excepted to this instruction. The jury returned a verdict in favor of the defendant, and the court entered a judgment in his favor, from which judgment plaintiff duly prosecutes this appeal.

It will be observed that there is no allegation in the complaint to the effect that, during the time of the alleged contract between the appellant and the appellee for the rent of the store building in controversy, there were outstanding debts against the estate of Boswell, and that it was necessary for the administrator to take possession of the store building and rent the same for the purpose of paying such debts. In the absence of allegation and proof to that effect, the appellant was not entitled to an instruction telling the jury as a matter of law that the appellee would not have the right to offset or pay the account in controversy by crediting the claim with the amount of appellant's account or indebtedness with the appellee. There was testimony to the effect that the wife of the appellant was one of the heirs of Boswell and that the wife of the appellee was another, and that, by mutual agreement between the heirs and the appellant and appellee, the store account of the appellant with the appellee would be used as an offset against appellant's claim for rent or use of the building which appellee was occupying. There was testimony to warrant a finding that the appellant was in charge of the building by consent of the heirs, not for the purpose of paying any debts of the estate of Boswell, but that he was in possession representing the heirs, and that, having such possession, he rented the storehouse to the appellee, and had settled the account by deducting from the same the amount that appellant was due the appellee on store account.

If this was the specific agreement between the appellant and the appellee, and there was proof to that effect, then the court did not err in refusing appellant's prayers for instructions as asked, nor in modifying the same and giving the same as modified. We find no error in the instructions of the court. They correctly submitted the

issues which the testimony tended to prove. Section 67 C. & M. Digest. See *Stuart* v. *Smiley,* 46 Ark. 373, and cases there cited; *Chowning* v. *Stanfield,* 49 Ark. 87; *Jones* v. *Jones,* 107 Ark. 402.

The judgment is correct, and it is therefore affirmed.

McCULLOCH, C. J. (dissenting). The issue tendered in the pleadings was whether or not the defendant leased the property from plaintiff as administrator of the Boswell estate. The testimony was conflicting on that issue, and the plaintiff requested an instruction submitting it and telling the jury that, if defendant rented the premises from plaintiff as administrator, then the defendant could not claim credit against the rent for a personal account against plaintiff. This was a correct statement of the law, and it should have been given to the jury. Instead of giving the instruction, the court modified it and gave another instruction to the effect that, if plaintiff had previously agreed to allow the credit, defendant was entitled to the credit. It seems to me to be elemental that one who incurs an obligation to pay money to an estate cannot claim credit for a personal debt due by the administrator. This court has so decided. *Menifee* v. *Ball,* 7 Ark. 520. Any distribution of the rent between the heirs of the decedent must be through the probate court on settlement of the account by the administrator.

If the defendant leased the premises from plaintiff in his representative capacity as administrator, he cannot as such tenant dispute the title or authority of his landlord for the purpose of claiming credit for the personal debt of the administrator.