LOCKHART *v.* ROBERTS, ADMINISTRATOR.

4-7618                                     187 S. W. 2d 183

Opinion delivered April 16, 1945.

*Walter M. Purvis,* for appellant.

*L. P. Biggs,* for appellee.

MILLWEE, J. This is an action in unlawful detainer by the administrator of the estate of Mrs. C. B. Newman. At the time of her death on January 16, 1944, Mrs. Newman was the owner of the west 28 feet of lot 8, Compton's Subdivision, block 403, Little Rock, Arkansas, which had been rented to appellant, C. E. Lockhart, as a dwelling

for more than 15 years. Letters of administration were issued to appellee on February 18, 1944.

Appellee filed his complaint on May 8, 1944, alleging ownership of the property in the estate and that appellant had entered into possession thereof under a rental agreement of $15 per month, payable in advance. It was further alleged that appellant had failed and refused to pay rent since September, 1943, and had failed to quit the premises after due service of notice upon him on May 4, 1944. The prayer of the complaint was for judgment for possession of the property and $120 accrued rents, together with future rents and costs.

Appellant filed his answer on September 6, 1944, denying the allegations of the complaint and alleging that appellee had failed to comply with the federal laws applicable to the right of owners or agents of rental property to eject tenants therefrom. On September 25, 1944, appellant filed a "Motion to Dismiss for Lack of Jurisdiction" in which it was alleged that appellee, as administrator, had no legal grounds to eject the defendant from the rental premises. It was further alleged in the motion that tender had been made to Mrs. C. B. Newman for payment of all rents up to October 15, 1943, and such tender had been refused. It was also alleged that appellee had failed to comply with certain provisions of the Federal statutes and particularly Rent Regulation No. 10 of the Office of Price Administration. This motion to dismiss for lack of jurisdiction was overruled by the court and the cause proceeded to trial to a jury on October 11, 1944.

At the beginning of the trial appellant made tender of all rents claimed to be due in the case up to October 15, 1944, at the same time renewing his motion to dismiss on jurisdictional grounds. This tender was refused and the motion to dismiss again overruled. In the course of his examination as a witness, the administrator testified that no claims had been filed against the estate, and, as far as he knew, the estate owed no debts. At the conclusion of the testimony on behalf of appellee, appellant moved that the action be dismissed because the administrator was

without jurisdiction to maintain a suit for possession of the property in the absence of debts due the estate. The motion was overruled and, at the conclusion of all of the evidence, the court instructed the jury to return a verdict for appellee for possession of the premises and for the sum of $185 for rent from October 1, 1943, to October 11, 1944.

Several questions are raised in briefs of the parties which we find it unnecessary to discuss since we have reached the conclusion that the court erred in holding that the administrator had a right to maintain this action. By § 66 of Pope's Digest it is provided: ''Lands shall be assets in the hands of the executor or administrator, and shall be deemed in their possession and subject to their control for the payment of debts.'' In the early case of *Stewart* v. *Smiley, Administrator,* 46 Ark. 373, this court in construing this statute said: ''Conceding that the appellee is the lawful administrator of the estate, his authority to sue for the rents of the real estate does not follow. The statute confers the power upon an administrator to control the lands of his intestate for the purpose of paying debts. His authority in that respect is derived solely from the statute, for at common law the administrator had nothing whatever to do with the lands of his intestate. . . .''

Appellee cites the case of *Chowning* v. *Stanfield,* 49 Ark. 87, 4 S. W. 276, where Chief Justice COCKRILL, speaking for the court, said: ''The administrator's right to the possession of lands as assets for the purpose of administration is exclusive of that of the heirs, and he can maintain ejectment to gain the possession, but he is not concerned with the title, except in so far as it affects his possessory right, and he is not authorized to represent the heirs or to stand for them when the title is in question.'' But this court in the same case also said: ''An administrator is not entitled to the possession of lands unless they are needed to pay the intestate's debts,'' and the case of *Stewart* v. *Smiley, supra,* was cited in support of this holding.

This court has consistently followed the rule that an administrator, under § 66 of Pope's Digest, cannot sue to recover possession of lands of his intestate unless such possession is required to pay debts. This court in the case of *Miller* v. *Watkins,* 169 Ark. 60, 272 S. W. 846, said: "Moreover, no showing was made that the administrator of Mrs. Rogers' estate required possession of the land to pay debts, even though Mrs. Rogers' title had not been disputed, and the administrator of Mrs. Rogers had no right to sue for this reason. Section 152, C. & M. Dig.; *Hopson* v. *Oxford,* 72 Ark. 272, 79 S. W. 1051; *Doke* v. *Benton County Lbr. Co.,* 114 Ark. 1, 169 S. W. 327, 52 L. R. A., N. S., 870; *Jones* v. *Jones,* 107 Ark. 402, 155 S. W. 117; *Campbell* v. *Smith,* 167 Ark. 633, 268 S. W. 880."

In the case of *Campbell* v. *Smith, supra,* it was held (to quote a headnote): "An administrator is not entitled to recover rents on a building owned by his intestate where he neither alleges nor proves that the rents are needed to pay intestate's debts."

It is not alleged in the complaint nor proved or claimed that possession of the property, or the rents therefrom, is needed to pay the intestate's debts. Indeed, it was established by the testimony of the administrator given some eight months after his appointment that there were no claims or debts against the estate as far as he knew. Under these circumstances the administrator had no right to maintain an action of unlawful detainer.

The judgment of trial court is reversed and the cause remanded with directions to dismiss the complaint of appellee.