LOCKHART *v.* NEWMAN.

4-8017                                    197 S. W. 2d 934

Opinion delivered December 9, 1946.

*Walter M. Purvis,* for appellant.

*L. P. Biggs,* for appellee.

McHANEY, Justice. On the former appeal of this case, *Lockhart* v. *Roberts, Admr.,* 208 Ark. 569, 187 S. W. 2d 183, the judgment was reversed because the administrator was not authorized by law to bring the action for possession of the property involved and the past due rentals thereon, since neither was needed to pay the debts of the intestate.

Appellees are the husband and all the other heirs at law of Clara Bertha Newman who died intestate on January 16, 1944, the owner of the real property here involved, described as the west 28 feet of lot 8, Compton's Subdivision of block 403, Little Rock, or No. 1428 West 9th street in said city. They brought this action against appellant for possession of said property and for the past due rentals thereon. The complaint alleged that defendant entered into possession under a rental contract with Mrs. Newman at $15 per month, payable in advance, and that no rent had been paid from October 1, 1943, until the filing of the complaint on May 25, 1945, and judgment was prayed for the accrued rentals, possession and damages. They caused a notice to quit and surrender the possession to be served on appellant on May 17, 1945.

After several apparently dilatory motions, demurrers and pleas were filed and overruled, appellant, on October 13, 1945, filed a lengthy answer and cross-complaint consisting of 13 pages in the record, praying judgment against appellee, Henry Newman, in the sum of $440 actual and $1,050 punitive damages against him. A demurrer to the cross-complaint was sustained on April 4, 1946, and on that day the case was set for trial by agreement for April 24, and on the latter date judgment by default was rendered for appellees for the possession of said property and for $462 for accrued rents.

Thereafter, on May 16, appellant filed his motion to set aside the default judgment of April 24 on a number of grounds, some of which will hereinafter be dis-

cussed. The court overruled said motion and this appeal is from that order.

For a reversal appellant insists that the court abused its discretion in denying his motion to set aside the default judgment, because his failure to be present on the day set for trial was due to an unavoidable casualty, in that his attorney was ill and could not attend court and that there was illness in his family preventing him from attending. Also that his attorney through error marked his office calendar so as to show the case set for trial on April 25, instead of April 24. Assuming that all this is true, no abuse of discretion of the trial court is shown, and no such unavoidable casualty is shown which calls for a reversal of the judgment.

But even if there was such a casualty or abuse of judicial discretion in the premises, it does not necessarily follow that the judgment must be reversed. We agree with the trial court and appellees that no meritorious defense to the action has been shown, and it would be a vain and useless procedure to set aside a judgment and grant a new trial where the defendant does not allege a meritorious defense, and it is manifest that the same result would necessarily follow on another trial. Appellant does not claim that he has paid any rent since October 1, 1943, and he admits that he owes rent to someone at the rate of $15 per month. He complains that he was not given 30 days' notice to quit, and cites *Dillon* v. *Miller,* 207 Ark. 401, 180 S. W. 2d 832, to support his complaint. That case is not in point here. That was an action of unlawful detainer and there was no claim that the tenant was in default for the rent. Here the notice was given May 16, 1945, and demanding possession on May 22. At that time the monthly rental was in default from October 1, 1943. Appellant also says appellees did not comply with the Federal Housing Regulations in bringing the action. We do not understand that a certificate of authority from the Rent Control office is necessary to evict a tenant who is in default in the payment of his rent.

Appellant also questions the right of appellees to receive the rent, it not being shown, he says, that they are the only heirs at law of said intestate. Whether they are or not is of no concern to him. When he pays the amount of the judgment into court and the judgment is satisfied, he will be fully protected from another action.

The court correctly refused to set aside the default judgment, and its action is accordingly affirmed.